# Richmond

## Archibald G. Robertson v. Commonwealth of Virginia.

April 26, 1943.

Record No. 2658.

Present, Campbell, C. J., and Holt, Hudgins, Browning, Eggleston and Spratley, JJ.

524

The opinion states the case.

*E. Randolph Williams* and *T. Justin Moore,* for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *Edwin B. Jones, Assistant Attorney General,* for the Commonwealth.

EGGLESTON, J., delivered the opinion of the court.

This writ of error granted under the authority of Code, section 4932, brings under review a judgment whereby Archibald G. Robertson, an attorney duly qualified and licensed to practice in the lower court, was held to be guilty of contempt for refusing to obey an order of the court, while testifying in a case therein pending, and was fined the sum of $100.

The incident which led to the judgment under review arose in this manner: Benjamin F. Goodson, while a passenger on a street car owned and operated by the Virginia Electric and Power Company, in the city of Richmond, was injured when the car was in collision with an automobile

driven by Francis X. Thompson. Goodson instituted suit in the court below against the Virginia Electric and Power Company and Thompson, seeking damages for his personal injuries sustained in the collision. The case came on for a jury trial in which Archibald G. Robertson represented the defendant, Virginia Electric and Power Company. After the plaintiff had completed his testimony, and while O. A. Whitlow, the operator of the street car, was testifying on behalf of the Virginia Electric and Power Company, he was asked on cross-examination by the attorney for the plaintiff whether he had given his employer a written statement or report as to the circumstances of the collision. Upon answering in the affirmative, he was requested by counsel for the plaintiff to produce the statement. At this point Mr. Robertson interrupted by saying that he (Robertson) had the statement and that it would not be produced. Robertson was then called as a witness on behalf of the plaintiff, and while he admitted that the desired statement was in his file in the courtroom, he again declined to produce it.

The jury was then excluded and counsel for the respective parties argued before the court whether the statement was admissible in evidence and whether Robertson should be required to produce it.

Counsel for the plaintiff took the position that while the statement had "no probative value," he desired its production for the purpose of contradicting the motorman.

At this time Robertson took the position that opposing counsel had no right to demand an inspection of his (Robertson's) file for the purpose of proving the plaintiff's case. The court overruled this contention and directed that the statement be produced. Robertson refused to obey this ruling, stating that he did so "with the greatest deference and greatest respect" because he considered that his duty to his client compelled him to take that course. Thereupon the court ruled that he was guilty of contempt in refusing to comply with its order, and imposed a fine of

$100 upon him. An order to this effect was entered on the order book of the court.

Moreover, due to Robertson's disobedience of its order, the court struck out the defenses of the Virginia Electric and Power Company, and, in effect, instructed the jury that their only duty with respect to that defendant was to assess the amount of damages due by it to the plaintiff.

Later during the progress of the trial of the civil suit the admissibility of the statement and whether it should have been produced by Robertson were further argued and considered by the court. Robertson then urged upon the court these additional reasons why he should not be required to produce the document: (1) That under the express terms of Code, section 6216, such statement was not admissible in evidence to contradict the motorman; and (2) that it was a privileged communication which had been disclosed in confidence to him as counsel for the Virginia Electric and Power Company, and that hence he should not be required to divulge its contents. During this course of the argument the statement was produced by Robertson and handed to the court for its inspection. Upon reading the document the court ruled that its contents were not privileged, and that it was admissible in evidence. It adhered to its former ruling that Robertson was guilty of contempt for disobeying its order and that for his disobedience the Virginia Electric and Power Company should be penalized in the manner stated.

In view of the court's ruling a verdict and judgment in favor of the plaintiff against the Virginia Electric and Power Company necessarily followed. In the companion case of *Virginia Elec., etc., Co.* v. *Bowers, Adm'r*, this day decided (*post*, p. 542), we have dealt with the validity of that judgment.

The present opinion deals with the validity of the judgment for contempt entered against Robertson.

The first contention of the plaintiff in error is that the court's power to punish him summarily for contempt is lim-

ited by the provisions of Code, section 4521;[*] that the court had the power to punish him, if at all, under the fifth subdivision of the statute which authorizes punishment for "Disobedience or resistance * * * to any lawful process, judgment, decree, or order of the said court"; and that the oral direction or command of the court to Robertson to produce the document in his possession was not such an "order of the said court" as is required by the statute.

As a corollary to this argument the plaintiff in error contends that the production of the statement could have been compelled only by the issuance and service of a subpoena either on him, under Code, section 6219, or on the proper official of the Virginia Electric and Power Company under Code, section 6237.

In the first place, we can not agree with the contention that it was the purpose of the fifth subdivision of this statute, in providing for summary punishment by a court for "Disobedience or resistance * * * to any lawful * * * order of the said court", to limit or confine such "order" to one which has been reduced to writing, and thereby exclude and leave unpunishable in summary contempt proceedings the verbal commands, directions or orders of the court.

---

[*]"Sec. 4521. Cases in which courts and judges may punish summarily for contempt.—The courts and judges may issue attachments for contempt, and punish them summarily, only in the cases following:

"First. Misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice.

"Second. Violence, or threats of violence, to a judge or officer of the court, or to a juror, witness, or party going to, attending, or returning from the court, for or in respect of any act or proceeding had or to be had in such court.

"Third. Obscene, contemptuous, or insulting language addressed to or published of a judge for or in respect of any act, or proceeding had, or to be had, in such court, or like language used in his presence and intended for his hearing, for or in respect of such act or proceeding.

"Fourth. Misbehavior of an officer of the court in his official character.

"Fifth. Disobedience or resistance of an officer of the court, juror, witness, or other person to any lawful process, judgment, decree, or order of the said court."

Section 63 of the Constitution, in prescribing the "Powers of the general assembly and limitations thereon", provides that, among other things, it "may regulate the exercise by courts of the right to punish for contempt."

Pursuant to this provision the General Assembly amended and reenacted section 3768 of the Code of 1887, as theretofore amended, enumerating the cases in which courts and judges may punish summarily for contempt. Acts of 1904, ch. 194, p. 309. Except for a slight change in the third subdivision, which is not here material, this statute was carried by the revisors into section 4521 of the present Code. See Revisors' Note; Judge Burks' Address on Code of 1919, 5 Va. Law Register, N. S., 97, 101, 102.

In *Yoder* v. *Commonwealth*, 107 Va. 823, 829, 57 S. E. 581, this court, speaking through Judge Keith, said: "The constitution did not intend, we think, to clothe the legislature with absolute power over the subject, but meant to confer upon the legislature authority to bring the subject of contempts within reasonable regulations, not inconsistent with the exercise by the courts, with vigor and efficiency, of those functions which are essential to the discharge of their duties."

And continuing, he said (107 Va., at pages 830-831): "Taking section 3768 [Code 1919, section 4521] as it stands we are of opinion that on the whole it is a reasonable regulation of the exercise by the courts of the power to punish for contempt. It may at least be said that it does not so far abridge or impair the powers of the courts established by the constitution, that it does not so far diminish their authority, and that it is not a regulation so unreasonable as to render them incapable of the efficient exercise of their functions."

To hold, as contended by the plaintiff in error, that it was the purpose of the statute to confine summary punishment for disobedience of a court's "lawful orders" to those which have been reduced to writing, and thereby leave unpunishable in summary contempt proceedings the verbal commands, directions and orders of the court, would, we

think, deprive the courts of their "inherent power of self-defense and self-preservation," and would "so far diminish their authority" "as to render them incapable of the efficient exercise of their functions", and would, therefore, be entirely incompatible with our holding in *Yoder* v. *Commonwealth, supra,* that the statute is constitutional. Indeed, it would compel us to hold to the contrary.

In the trial of a case the court gives many orders and commands which are not reduced to writing or directed in writing to the person who is bound to obey them. Such orders are lawful orders and directions of the court, the disobedience of which would tend to embarrass or defeat the administration of justice. For instance, to say that a court could not compel a recalcitrant witness to answer a proper question which had been propounded to him without first interrupting the proceedings and reducing its command to writing and entering the same on its order book, would not only seriously delay and embarrass the proceedings but would require the diversion of the court's attention to collateral matters. The same would be true of an improper argument of counsel.

Statutes similar to section 4521 are quite common, and in the few instances in which the question has arisen the courts have, without exception, held that a "lawful order", the disobedience of which may be punishable as contempt, includes a verbal or oral command, or order, or direction, as well as one which has been reduced to writing.

*Coyle* v. *Sawyer,* 198 Iowa 1022, 200 N. W. 721, was quite similar to the case at bar. There a judgment of contempt imposed upon counsel for failure to produce a document in his possession, pursuant to the verbal ruling and command of the court, was sustained. See also, *Silverman* v. *Seneca Realty Co.,* 154 Misc. 35, 276 N. Y. S. 466, 471-472; *Hallinan* v. *Superior Court,* 74 Cal. App. 420, 427, 240 P. 788, 790.

Nor can we agree with the argument of the plaintiff in error that, although the desired document was in his possession in the presence of the court, its production could have

been "lawfully" ordered only by the issuance and service on him of a subpoena *duces tecum* under Code, section 6219, or the issuance and service on the defendant, Virginia Electric and Power Company, of a subpoena under Code, section 6237.

Code, section 6219 provides for the issuance and service of a subpoena *duces tecum* upon a "person not a party" to the suit to compel him to appear and produce a document in his possession which is material to the matter in controversy. Code, section 6237, provides for the issuance and service of a subpoena upon "an adverse party" requiring him to appear at the trial and produce such documentary evidence.

In *Bova* v. *Roanoke Oil Co.*, 180 Va. 332, 338, 23 S. E. (2d) 347, 350, we pointed out that at common law a party to an action at law was not a competent witness, and, therefore, could not be compelled to attend trial and bring with him any books or writings in his possession pertinent to the issues, but that this could now be accomplished by the issuance and service on him of a subpoena under Code, section 6237. That case does not hold, as contended by the plaintiff in error, that such procedure is necessary where the adverse party is present in court and has the desired document in his possession.

Under Code, section 6208, a party to a civil suit is no longer incompetent to testify, "but he shall, if otherwise competent to testify, and subject to the rules of evidence and practice applicable to other witnesses, be competent to give evidence in his own behalf and be competent and compellable to attend and give evidence on behalf of any other party to such action, suit, or proceeding; * * * ."

A litigant's attendance upon the trial may be compelled by the issuance and service upon him of a subpoena under Code, section 6217, as is the case with any other witness. But a party to a civil suit, as well as any other witness, who is present in court may, of course, be called upon to testify although he may not have been served with a subpoena.

The same principle applies to subpoenas issued under Code, sections 6219 and 6237. While under these sections a witness or an adverse party may be compelled to appear and bring with him material documentary evidence, should the witness or party be present in court and have in his custody the desired document, he may be lawfully compelled by the verbal direction of the court to produce it although no subpoena has been issued therefor.

In Jones' Commentaries on Evidence, 2nd Ed., Vol. 5, section 2307, p. 4507, the author says: "On the principle referred to in a previous section whereby a person present in court is liable to be called as a witness, any person in court having documents in his possession relevant to the issue required for production may be called upon as a witness to produce them, although no subpoena *duces tecum* has been served."

In *People* v. *Miller*, 257 N. Y. 54, 177 N. E. 306, 307-8, Judge Cardozo said: "When documents present in court are of such a nature that if called for by a subpoena they would be subject to inspection by the adverse party, the duty of the judge is to direct the holder of the documents to produce and exhibit them. (Citing authorities.) Indeed, he may do so at his discretion, though the documents are not in court, if they are procurable by a witness or a party subject to his orders."

See also, Wigmore on Evidence, 3d Ed., Vol. 8, sec. 2200, p. 116; 32 C. J. S., Evidence, section 761, p. 677; *Kincaide* v. *Cavanaugh*, 198 Mass. 34, 84 N. E. 307; *Hunton* v. *Hertz, etc., Co.*, 118 Mich. 475, 76 N. W. 1041.

This brings us to the main contention of the plaintiff in error which may be stated thus: Conceding that the court's oral direction or command to produce the document was an "order" within the meaning of Code, section 4521, it was not a "lawful order" within the meaning of the statute, but, on the contrary, was unlawful and void, and hence his refusal to obey it was not punishable as contempt.

Here it is argued that the order was unlawful and void because it directed the plaintiff in error to produce the

written statement made by the operator of the street car for the purpose of contradicting the latter, and that this was in direct contravention of the last sentence of Code, section 6216, which provides that "in an action to recover for a personal injury or death by wrongful act or neglect, no ex parte affidavit or statement in writing other than a deposition, after due notice, of a witness as to the facts or circumstances attending the wrongful act or neglect complained of, shall be used to contradict him as a witness in the case."

In a written opinion filed as a part of the record, the learned trial court held that since this provision in the statute excluded written statements only in actions for personal injuries or death by wrongful act or neglect, and in no other cases, it was "class legislation and a special law" prohibited by subsection 3 of section 63 of the Virginia Constitution. Hence, it held that the statute did not preclude the production of the document or its admissibility in evidence.

We can not agree with that holding. This provision was inserted in the statute by the revisors of the Code of 1919 (see Revisors' Note to this section). Although it has been applied in numerous cases, both in the lower courts and in this court, its validity has not heretofore been questioned.

As was pointed out in *Harris* v. *Harrington* 180 Va. 210, 220, 22 S. E. (2d) 13, 17, its purpose was to correct the unfair practice of contradicting a witness by a written statement taken shortly after an accident, resulting in death or personal injury, when such witness may not have fully recovered from the shock and may not be in full possession of his faculties.

In support of its conclusion the trial court relied on *Farmer* v. *Christian*, 154 Va. 48, 152 S. E. 382, in which this court held unconstitutional a statute providing for a change of venue in the trial of prohibition officers for offenses committed in the performance of their duties. This statute was condemned because it segregated such pro-

hibition officers, whenever they might be charged with crimes, and accorded to them special and peculiar privileges which were denied to all other persons in the State who were similarly situated. In that case (154 Va., at pages 53-54) Judge Prentis quoted with approval the following language from *Van Cleve* v. *Passaic Valley Sewerage Com'rs,* 71 N. J. L. 183, 184, 58 A. 571, 578: "A law is 'special' in a constitutional sense when by force of an inherent limitation it arbitrarily separates some persons, places or things from those upon which, but for such separation, it would operate."

This in no way militates against the validity of the provision in Code, section 6216. Here no persons are arbitrarily separated by inherent limitation or otherwise. The act relates to all persons in the class, that is, to all witnesses, whether they be called by the plaintiff or by the defendant, involved in an action for personal injuries or death by wrongful act or neglect.

Actions for personal injuries and death by wrongful act cover a large class of cases which are brought in the common-law courts. The necessity for and the reasonableness of such classification are primarily questions for the legislature and not for the courts. *Martin's Ex'rs* v. *Commonwealth,* 126 Va. 603, 612, 102 S. E. 77, 724. We can not say that such classification is arbitrary or unreasonable. Indeed, if the act is to be condemned because it is applicable in actions for personal injuries and death by wrongful act, and is not applicable in actions for damages to property, by the same token we must condemn the statutes of limitations which for generations have been on our statute books and yet provide different limitations in actions for personal injuries and death by wrongful act from those in actions for property damages.

Since the statement called for was not in the form of a deposition taken after due notice, under the express terms of the statute it was not admissible for the purpose of contradicting the motorman. *Saunders* v. *Hall,* 176 Va. 526, 537, 11 S. E. (2d) 592, 596.

While the trial court erred in ruling that the document was admissible in evidence and in ordering the plaintiff in error to produce it, it does not follow that such ruling and order were void and could be disobeyed with impunity.

A judgment, decree or order entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void. 17 C. J. S., Contempt, section 14, pp. 19-20; 31 Am. Jur., Judgments, sections 406 *ff.*, pp. 68 *ff*; Freeman on Judgments, 5th Ed., section 325, p. 650.

Where a court has jurisdiction of the parties and of the subject matter, and has the power to make the order or rulings complained of, but the latter is based upon a mistaken view of the law or upon the erroneous application of legal principles, it is erroneous. *Wynne* v. *Conrad,* 220 N. C. 355, 17 S. E. (2d) 514, 518.

It is, of course, well settled that disobedience of, or resistance to a void order, judgment, or decree is not contempt. *Buchanan* v. *Buchanan,* 170 Va. 458, 197 S. E. 426, 116 A. L. R. 688; 17 C. J. S., Contempt, section 14, p. 19, and authorities there cited. This is so because a void order, judgment, or decree is a nullity and may be attacked collaterally.

But there is a vast difference between a judgment which is void and one which is merely erroneous. In 31 Am. Jur., Judgments, section 401, p. 66, it is said: " * * * a void judgment should be clearly distinguished from one which is merely erroneous or voidable. There are many rights belonging to litigants—rights which a court may not properly deny, and yet if denied, they do not render the judgment void. Indeed, it is a general principle that where a court has jurisdiction over the person and the subject matter, no error in the exercise of such jurisdiction can make the judgment void, and that a judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith. This is true even if there is a fundamental error

of law appearing upon the face of the record. Such a judgment is, under proper circumstances, voidable, but until avoided is regarded as valid."

"Obviously the power to decide includes the power to decide wrong, and an erroneous decision is as binding as one that is correct until set aside or corrected in a manner provided by law." Freeman on Judgments, 5th Ed., section 357, p. 744.

Consequently, the authorities are in accord that where the court has jurisdiction of the parties and of the subject matter of the suit and the legal authority to make the order, a party refusing to obey it, however erroneously made, is liable for contempt. Such order, though erroneous, is lawful within the meaning of contempt statutes until it is reversed by an appellate court.

As was said in the recent case of *Farwell* v. *Horton*, 301 Ill. App. 372, 22 N. E. (2d) 958, 961: "Of course a party cannot be guilty of contempt of court for disobeying an order which the court had no authority of law to make, but if a court has jurisdiction of the parties and legal authority to render the order, then it must be obeyed even though it was erroneous or improvidently entered."

See also, *Ex parte Cohen*, 5 Cal. 494; *Swedish-American Tel. Co.* v. *Fidelity, etc., Co.*, 208 Ill. 562, 70 N. E. 768; *Oddo* v. *Saibin*, 106 N. J. Eq. 453, 151 A. 289; *State* v. *Harper's Ferry Bridge Co.*, 16 W. Va. 864; *State* v. *Fredlock*, 52 W. Va. 232, 43 S. E. 153, 94 Am. St. Rep. 932; *Brougham* v. *Oceanic Steam Navigation Co.*, C. C. A. 2, 205 F. 857; *State* v. *Erickson*, 66 Wash. 639, 120 P. 104; *State* v. *LaFollette*, 100 Ore. 1, 196 P. 412; *State* v. *Highsmith*, 105 S. C. 505, 90 S. E. 154; *Campbell* v. *Gormley*, 185 Ga. 65, 194 S. E. 177.

The same principle applies to the oral orders, commands and directions of the court, such as its rulings on the admissibility of evidence and the production of documents in the possession of a witness in the presence of the court. The fact that a witness may disagree with the court on the propriety of its ruling is, of course, no excuse for his

not complying with it. The proper method of challenging the correctness of an adverse ruling is by an appeal and not by disobedience. See, *Brougham* v. *Oceanic Steam Navigation Co., supra* (205 F., at page 860); *Oddo* v. *Saibin, supra* (151 A., at page 293).

In the case at bar while the ruling or order of the trial court that the plaintiff in error should produce the document in question was erroneous, it was not void. The trial court had jurisdiction of the parties and of the subject matter, and the power to interpret the statute, to rule on the admissibility of evidence, and to call for its production. Consequently, its order and ruling, until reversed, were lawful and should have been obeyed by the plaintiff in error. *State* v. *Fidelity, etc., Co.*, 91 W. Va. 191, 112 S. E. 319.

The precise question was involved in *Coyle* v. *Sawyer, supra*. There the plaintiff's counsel was committed to jail for contempt in refusing to comply with the court's order to produce a document which had been ruled to be admissible in evidence. On appeal the contempt judgment was affirmed. The appellate court held (200 N. W., at pages 722-723) that the ruling of the lower court as to the admissibility of the document and the order for its production constituted an adjudication which commanded obedience until it was reversed.

The rule that an order directing a witness to answer questions or to produce documentary evidence in his possession, although erroneously made or entered, until reversed, must be obeyed, is subject to these exceptions:

(1) In view of the constitutional provisions, both State and Federal, that no one shall be compelled to furnish evidence against himself, a witness can not be punished for contempt for refusing to answer questions when such answers would incriminate him. *Counselman* v. *Hitchcock*, 142 U. S. 547, 12 S. Ct. 195, 35 L. Ed. 1110; *Cullen* v. *Commonwealth*, 24 Gratt. (65 Va.) 624.

(2) A witness can not be compelled to divulge privileged matters which have been given to him in confidence. *Jones'*

Commentaries on Evidence, 2d Ed., Vol. 5, section 2299, p. 4489; 17 C. J. S., Contempt, section 37, p. 52.

The plaintiff in error here seeks to bring himself within the second exception by claiming that the document which he was ordered to produce was a privileged communication transmitted to him by his client, the contents of which he should not have been required to divulge.

The authorities are not in accord as to whether a report of an accident made by an employee to his employer and by the latter transmitted to his counsel for use in litigation is a privileged communication. Wigmore on Evidence, 3d Ed., Vol. 8, section 2307 *ff.*, pp. 591 *ff*; 28 R. C. L., Witnesses, section 165 *ff.*, pp. 575 *ff.*

From the better-reasoned cases these principles are, we think, fairly deducible:

(a) A statement made by an employee to his employer, in the course of his ordinary duty, concerning a recent accident, and before litigation has been brought or threatened, is not privileged either in the hands of the employer or in the hands of the latter's attorney to whom it has been transmitted. We so held in *Virginia-Carolina Chemical Co.* v. *Knight,* 106 Va. 674, 679, 680, 56 S. E. 725. See also, 17 Am. Jur., Discovery and Inspection, section 27, p. 20; 6 L. R. A. (N. S.) 325, note collecting cases.

(b) A statement concerning an accident which is obtained by the employer from his servant for the *bona fide* purpose of being later transmitted to the employer's attorney for advice, or to be used by the attorney in connection with pending or threatened litigation is privileged. *Southwark & Vauxhall Water Co.* v. *Quick,* L. R. 3 Q. B. Div. 315, 9 Eng. Rul. Cas. 587; *Wise* v. *Western Union Tel. Co.,* 36 Del. Sup. 456, 178 A. 640, 644; *Davenport Co.* v. *Pennsylvania R. Co.,* 166 Pa. 480, 31 A. 245, 246; 17 Am. Jur., Discovery and Inspection, section 28, p. 20. This is so because such statement is itself a part of the communication from the client to his counsel. Wigmore on Evidence, 3d Ed., Vol. 8, section 2318, p. 677.

A statement by the accredited agent of a corporation, giving his account of how an accident occurred, and given for the use of counsel in pending or threatened litigation, is likewise privileged.

(c) Since exemption from production is the exception and not the rule, the burden is on the party claiming the privilege to show that he is entitled to it. His mere assertion that the matter is confidential and privileged will not suffice. Unless the document discloses such privilege on its face, he must show by the circumstances that it is privileged. *Woodrum* v. *Price*, 104 W. Va. 382, 140 S. E. 346, 349, 350; *Wise* v. *Western Union Tel. Co.*, *supra*; 70 C. J., Witnesses, sec. 622, p. 458.

A statement such as that here involved is, of course, not necessarily taken for the purpose of being sent to counsel for advice or to be used by him in connection with pending or threatened litigation. It may be taken in connection with various reports required by law, or in connection with accident prevention studies of the transportation company, or for other purposes in no way connected with pending or threatened litigation.

In the case at bar the original report of the motorman appears to have been made on the day of the accident, and immediately thereafter, on a printed form. Two days later it was supplemented by a statement from the motorman to the adjuster. There is no evidence that either the original or the supplemental statement was taken for the *bona fide* purpose of being later transmitted to the plaintiff in error as counsel for the Virginia Electric and Power Company, for his advice thereon, or to be used in connection with pending or threatened litigation. There is an entire lack of evidence as to when and under what circumstances it came into his possession. Neither is there anything on the face of either document to show that it was given to counsel in confidence, nor is there any evidence to this effect. The plaintiff in error rested his case on his mere assertion that the document was privileged.

■ Under the principles which we have stated, we think the trial court correctly ruled that the document was not a privileged communication which the plaintiff in error could not be compelled to produce. *Wise* v. *Western Union Tel. Co., supra.*

On the whole we are of opinion that the judgment must be affirmed, and it is so ordered.

*Affirmed.*