## CIRCUIT COURT OF ROCKINGHAM COUNTY

Josephine M. Morton,
Administratrix of the
Estate of Andrew Paul Toth,
Deceased

v.

Liberty Nursing Home, Inc.

July 19, 1991

Case No. (Law) 8115

By JUDGE PORTER R. GRAVES, JR.

The matter is before the Court upon the defendant's motion *in limine* filed herein on May 23, 1991, requesting the Court to rule, pretrial, that J. T. Butler, a witness designated by the plaintiff, be prohibited from offering opinions as an expert witness concerning the standard of care as a witness in the trial of the case.

The parties have filed their memorandums herein, and the matter was heard on June 28, 1991, before the Court, at which both counsel were present, for argument in connection with the defendant's motion *in limine*.

First, the issue arises as to whether the plaintiff has alleged that the defendant nursing home was itself negligent. The plaintiff claims that she has made such allegations, but the defendant claims that plaintiff has not.

From a thorough reading of the amended motion for judgment, particularly paragraphs 22 and 23 thereof, I

agree with the plaintiff that the allegations are that the defendant nursing home was negligent.

Secondly, the issue arises as to whether J. T. Butler, a licensed nursing home administrator, is qualified to testify to the standard of care of a nursing assistant employed by a nursing home. Virginia Code § 8.01-581.20, as it exists subsequent to the 1989 amendment, provides, among other things, that "no witness shall be qualified to testify as an expert on the standard of care unless he has had active clinical practice in the particular specialty or field of medicine about which he is to testify within one year of the date of the alleged act or omission forming the basis of the action in which he is to testify." Mr. Butler testified that he has never engaged in any nursing activities or training, and he does not know the standard of care applicable to nursing. Prior to the 1989 amendment, it was not necessary for such an expert to have maintained a clinical practice as required by the 1989 amendment, but such expert was required to know the standard of care in the specialty in question. *See Ives v. Redford*, 219 Va. 838, 842 (1979). According to Mr. Butler's testimony, he never engaged in any nursing activities or training, and he does not know the standard of care applicable in nursing, except as he may by being a nursing home administrator. Therefore, notwithstanding the plaintiff's argument, I must find that Mr. Butler is not qualified to testify about the standard of care applicable to nursing under the pre-1989 amendment to § 8.01-581.20, or as it exists subsequent to such amendment.

Thirdly, I must disagree with the plaintiff's argument that the Legislature did not intend Virginia Code Section 8.01-581.20 to operate in this instance. Nursing home is included in the definition of "health care provider" in Virginia Code § 8.01-581.1. I must agree with the defendant that all actions founded upon treatment performed or that should have been performed by the health care provider are subject to the Medical Malpractice Act. *See Gonzales v. Fairfax Hospital System*, 239 Va. 307 (1990).

Finally, the issue arises as to the plaintiff's allegation that "application of the last sentence of Virginia Code § 8.01-581.20(A) in this case violates the Virginia Constitution's Separation of Powers and Prohibition of Special Legislation establishing evidentiary rules." The

plaintiff argues that the judicial branch should determine who is qualified as an expert witness, that it has traditionally done so, and that the Legislature has no authority to modify such evidentiary principles. The plaintiff claims that it is a violation of the Virginia Constitution for the reasons stated in her memorandum. In *Etheridge v. Medical Center Hospitals*, 237 Va. 87, 100-101 (1989), the Supreme Court of Virginia held that the Legislature does have the authority to modify the common law or establish the jurisdiction of the Court. The plaintiff's argument on that point must fail. Furthermore, the plaintiff argues that § 8.01-581.20 is prohibited special legislation. I find that the *Etheridge, supra*, case approves such legislation. Furthermore, I find that Virginia Code § 8.01-581.20 applies to plaintiff and defendant alike, and that even though it creates a classification, it is permissible. *See Robertson v. Commonwealth*, 181 Va. 520, 534 (1943).

Therefore, the defendant's motion *in limine* must be sustained.