COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Elder
Argued at Salem, Virginia


VALERIE L. GREEN
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1724-97-3       JUDGE LARRY G. ELDER
                                       NOVEMBER 24, 1998
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                        B. A. Davis, III, Judge

          Wayne D. Inge for appellant.

          Donald E. Jeffrey, III, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.



     Valerie L. Green (appellant) appeals from an order finding

her in contempt of court pursuant to Code § 18.2-456(5) for

violating a prior court order prohibiting her from owning or

possessing companion animals.  On appeal, she contends that

(1) the underlying order was void because the trial court lacked

authority to prohibit her from owning companion animals and the

ends of justice exception to Rule 5A:18 permits this Court to set

aside her conviction even though she did not present this

argument to the trial court; and (2) the evidence was

insufficient to prove that her actual or constructive possession

of the cats was contumacious.[1]  For the reasons that follow, we

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

          [1]We reject the Commonwealth's contention that the record is
insufficient to permit our review on appeal.  The contempt order
entered on July 16, 1997 recites sufficient portions of the March

reject appellant's contentions and affirm her conviction.

## VALIDITY OF MARCH 19, 1997 ORDER

## TO SUPPORT FINDING OF CONTEMPT

Appellant contends that, per this Court's November 26, 1997 order, the portion of the trial court's March 19, 1997 order prohibiting her from owning or possessing companion animals was void. Although she did not raise this issue in the trial court, she contends that the ends of justice exception to Rule 5A:18 permits her to challenge it on appeal. We disagree.

Assuming without deciding that the trial court lacked authority to prohibit appellant from owning or possessing companion animals,[2] its order was merely voidable, not void <u>ab initio</u>, and appellant had an obligation to comply with that order until this Court declared it erroneous.

"A void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties." <u>Rook v. Rook</u>, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987) (citations omitted). By contrast, an order that is merely erroneous is voidable only and retains its validity "unless set aside . . .

_____

19, 1997 order to permit our review. Further, we may take judicial notice of our own order, <u>see</u> <u>Green v. Commonwealth</u>, Rec. No. 0964-97-3 (Va. Ct. App. Nov. 26, 1997), ruling on appellant's petition for appeal from the March 19, 1997 order. <u>See</u> <u>Haynes v. Glenn</u>, 197 Va. 746, 752 & n.1, 91 S.E.2d 433, 437 & n.1 (1956).

[2]We do not address the correctness of this ruling. Its correctness went unchallenged and has become the law of the case. <u>See, e.g.</u>, <u>Carter v. Commonwealth</u>, 16 Va. App. 42, 44, 427 S.E.2d 736, 738 (1993).

(1) by motion to the trial court filed within twenty-one days of its entry, as outlined in Rule 1:1, (2) on direct appeal, Rook, 233 Va. at 95, 353 S.E.2d at 758, or (3) by bill of review. Code § 8.01-623." Pigg v. Commonwealth, 17 Va. App. 756, 760 n.5, 441 S.E.2d 216, 219 n.5 (1994) (en banc).

> "[W]here a court has jurisdiction over the person and the subject matter, no error in the exercise of such jurisdiction can make the judgment void, and . . . a judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith. This is true even if there is a fundamental error of law appearing upon the face of the record. Such a judgment is, under proper circumstances, voidable, but until avoided is regarded as valid."

Robertson v. Commonwealth, 181 Va. 520, 536-37, 25 S.E.2d 352, 359 (1943) (citation omitted). Therefore, "a party refusing to obey [such a judgment or order], however erroneously [it was] made, is liable for contempt. Such order, though erroneous, is lawful within the meaning of the contempt statutes until it is reversed by an appellate court." Id. at 537, 25 S.E.2d at 359.

In entering the order of March 19, 1997 in appellant's case, the trial court had subject matter jurisdiction under Chapter

27.4 of Title 3.1, which empowered it to punish and remedy the failure of owners properly to care for their animals. In addition, the record reflects no challenge to the court's jurisdiction over appellant's person either in the trial court or in the previous appeal to this Court. Therefore, appellant waived any objections to personal jurisdiction. Finally, appellant has alleged no extrinsic or collateral fraud. Therefore, because "[t]he trial court had jurisdiction of the parties and of the subject matter, and the power to interpret the statute, . . . its order and ruling, until reversed, were lawful and should have been obeyed . . . ." Robertson, 181 Va. at 538, 25 S.E.2d at 359.

For these reasons, we reject appellant's contention that her contempt conviction was invalid because the relevant portion of the underlying order subsequently was set aside. The ends of justice exception to Rule 5A:18 does not negate the principle that a voidable order remains valid until set aside.

SUFFICIENCY OF EVIDENCE TO PROVE CONTEMPT

Appellant's challenge to the sufficiency of the evidence is twofold. First, she contends that, because the portion of the March 19, 1997 order requiring disposal of the animals referred only to those animals "formerly seized," the Commonwealth had to prove either that appellant acquired the cats at issue after entry of the prior court order or that she failed to take reasonable steps to divest herself of ownership or possession

after entry of that order. She contends that it failed to do either and that, in the absence of such evidence, application of the circuit court's order prohibiting possession or ownership amounts to a condemnation without compensation. Second, she contends that her behavior was not contumacious because she took reasonable steps to comply with the spirit of the order by registering the cats in the name of and having them cared for by another. Again, we disagree.

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Code § 18.2-456(5) permits a court to punish summarily for contempt for the "[d]isobedience or resistance of . . . [any] person to any lawful process, judgment, decree or order of the court." The inability to obey a court order may be a complete defense. See Laing v. Commonwealth, 205 Va. 511, 514, 137 S.E.2d 896, 899 (1964). However, because inability to comply is a defense under Virginia law, an accused bears the burden of presenting evidence of such an inability. See, e.g., In re

Roosth, 881 S.W.2d 300, 300-01 (Tex. 1994) (explaining that "whether the ability to [comply with the court's order] is an element of the offense of contempt, or is instead an affirmative defense to that charge, is a question left to state law") (citing Hicks v. Feiock, 485 U.S. 624, 629, 632-33, 641 n.13 (1988)).

In appellant's case, the Commonwealth presented evidence of the March 19, 1997 order prohibiting appellant from owning or possessing companion animals. It presented a videotape showing appellant in actual possession of four companion animals as she delivered them to Wanda Wyrick's house. It also presented extensive additional evidence that appellant owned the animals, including a contract for care of the cats that listed appellant as the animals' "true owner" and audiotaped messages in which appellant admitted owning the cats and having had someone else purchase the cats for appellant with appellant's money. The evidence, therefore, showed that appellant both owned and possessed companion animals after entry of the court's order, which established a prima facie case of criminal contempt.

In argument, appellant's counsel contended that the Commonwealth bore the burden of proving that appellant had not made reasonable efforts to comply with the order. However, in the absence of some evidence of inability to comply within the three months that had passed since entry of the order, the evidence produced by the Commonwealth was sufficient to support appellant's conviction. See State ex rel. Mikkelsen v. Hill, 847

P.2d 402, 407 (Or. 1993) (en banc); Berman v. Berman, 238 S.E.2d 27, 28 (Ga. 1977). As the trial court observed, appellant should have brought the issue to the attention of the court at the hearing of March 19, 1997 if she was concerned about the status of animals still in her possession at that time.

Appellant contends that, if she owned the animals which were the subject of the contempt proceeding before entry of the March 19, 1997 order, the animals were not forfeited by the prior order because they had not been seized. As a result, she contends that application of the court order prohibiting her ownership or possession of such animals, in the absence of evidence that she acquired them after March 19, 1997, amounts to "condemnation without compensation" of animals she may already have owned. We reject this argument.

The Condemnation Clause provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V; see Va. Const. art. I, § 11. First, we reject appellant's argument because the prohibition against her owning or possessing companion animals was not a taking. The trial court's entry of the March 19, 1997 order prohibiting appellant from owning or possessing companion animals was a valid exercise of the police power as authorized by the legislature in Code § 3.1-796.115. See Fredericksburg Auto Auction, Inc. v. Department of Motor Vehicles, 242 Va. 42, 48, 406 S.E.2d 23, 27 (1991).

Second, even if the trial court's prohibition was a taking, we reject appellant's argument because the taking was not for public use.  See U.S. Const. amend. V; Va. Const. art. I, § 11. Virginia's statutory scheme provides very clearly that proceedings pursuant to the code sections at issue are for the protection of animals; they do not constitute a taking of animals for public use.  In addition, Code §§ 3.1-796.96 and 3.1-796.115 provide that, if the animals are sold, the locality shall receive only reimbursement for costs for the impoundment and disposition of the animals and any funds remaining shall be paid to the owner.  Therefore, even absent evidence of when appellant acquired the four animals, the July 11, 1997 order of contempt and forfeiture did not constitute a condemnation without compensation.

For these reasons, we affirm appellant's conviction.

<u>Affirmed</u>.