COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Friedman and Callins

UNPUBLISHED

MARKEITH ANTONIO HUNTER

v.      Record No. 0109-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 15, 2022

FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
Herbert M. Hewitt, Judge

(Markeith Antonio Hunter, on brief), *pro se*.

(Jason S. Miyares, Attorney General; Victoria Johnson, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.


Markeith Antonio Hunter challenges the trial court's denial of his motion to vacate a 2017

conviction as void. Hunter asserts that he may challenge the validity of his conviction at any time

because, he says, it was procured by "extrinsic fraud." After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the trial court's judgment.

BACKGROUND

In 2017, upon his written guilty plea, the trial court convicted Hunter of manufacturing

methamphetamine. In accordance with the plea agreement, the trial court sentenced Hunter to thirty

years of incarceration with twenty-two years and six months suspended. At the plea hearing, the

Commonwealth proffered that if the case had gone to trial, the evidence would have proved that

in 2016, Hunter's brother reported to King George County Sheriff's Detective Patterson that

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Hunter was "cooking meth" at their mother's house, where Hunter then resided. Hunter's brother gave Detective Patterson an item to substantiate his claims, and Detective Patterson stated that a field test indicated that the item was methamphetamine. Based on the brother's statements and the field test results, Detective Patterson obtained a search warrant for the residence. When the police executed the warrant, they found "all the makings of a homemade cook operation." Thereafter, the police arrested Hunter and advised him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Hunter gave an hour-long statement to the police, which the Commonwealth "characterize[d] as a confession." Hunter "admitted to manufacturing and cooking methamphetamine" and described in detail his "cooking process." When given the opportunity by the trial court, Hunter did not contest or supplement the Commonwealth's proffer.

In the written plea agreement, Hunter acknowledged that by pleading guilty he was giving up "all objections to the admissibility of evidence, all objections to the legality of [his] arrest, all objections to any search or seizure of property, and all objections to other errors in bringing the charge or charges against" him. Before accepting Hunter's guilty plea, the trial court conducted a colloquy to ensure that Hunter was entering his plea freely and voluntarily. Hunter confirmed that he had discussed the charge with his attorney, knew the maximum punishment for the offense, and that he was entering his plea freely and voluntarily. The trial court accepted Hunter's plea and convicted him of the offense. Immediately thereafter, the trial court asked Hunter "did you have any statements that you wanted to make before this agreed sentence is announced?" Hunter responded, "No."

On September 23, 2021, Hunter filed a *pro se* motion to vacate the 2017 judgment. Hunter's motion stated that he had contacted the King George County Sheriff's Office in January 2021, and learned that "there is no official documentation form showing a test was conducted"

on the substance Hunter's brother gave to Detective Patterson. Hunter alleged that the lack of "official documentation" to prove that Detective Patterson conducted a field test of the substance proves that Detective Patterson lied. Hunter argued that because Detective Patterson stated in the search warrant affidavit that he had performed a field test which indicated the substance was methamphetamine, the search warrant was issued in part on that allegedly false statement and was therefore invalid. Hunter further reasoned that his guilty plea was therefore obtained by a fraud on the court. Hunter also alleged that the prosecutor in his case falsely told his defense attorney that the substance was field tested as methamphetamine and that Hunter had made an hour-long confession.

Hunter asserted that the 2017 judgment against him had been procured by "extrinsic or collateral" fraud and that under Code § 8.01-428,[1] the trial court had jurisdiction to entertain his motion. The trial court denied the motion, finding that "Virginia law does not permit a motion to vacate that is filed in a trial court long after the court lost active jurisdiction over the criminal case to serve as an all-purpose pleading for collateral review of criminal convictions."

In addition to finding that it lacked jurisdiction to address Hunter's motion, the trial court also held that Hunter had the opportunity to raise all the issues he asserted in his motion to vacate at trial, but instead chose to plead guilty and thus waived any objections to how the evidence against him was obtained. Hunter now appeals to this Court.

ANALYSIS

Generally, a trial court retains jurisdiction to modify, vacate, or suspend final orders for twenty-one days after the date of entry. Rule 1:1(a). "On its face, Rule 1:1 terminates a court's jurisdiction twenty-one days after entry of a final order." *Martinez v. Commonwealth*, 71

---

[1] "This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding, . . . or to set aside a judgment or decree for fraud upon the court." Code § 8.01-428(D).

Va. App. 318, 326-27 (2019). Clearly, more than twenty-one days had passed after Hunter's 2017 sentencing order when he filed his motion to vacate.

Hunter alleges that the judgment against him was obtained by fraud. "Under settled legal principles, a judgment is void *ab initio* only if it 'has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties.'" *Pigg v. Commonwealth*, 17 Va. App. 756, 760 n.5 (1994) (*en banc*) (quoting *Rook v. Rook*, 233 Va. 92, 94-95 (1987)). "Otherwise a judgment is merely voidable and may be set aside only (1) by motion to the trial court filed within twenty-one days of its entry, as outlined in Rule 1:1, (2) on direct appeal, *Rook*, 233 Va. at 95, or (3) by bill of review." *Id.  See* Code § 8.01-623; *Blunt v. Lentz*, 241 Va. 547, 550 (1991).

"Extrinsic fraud is fraud which occurs outside the judicial process and 'consists of conduct which prevents a fair submission of the controversy to the court.'" *F.E. v. G.F.M.*, 35 Va. App. 648, 659-60 (2001) (*en banc*) (quoting *Peet v. Peet*, 16 Va. App. 323, 327 (1993)). "It includes 'purposely keeping [the unsuccessful party] in ignorance of the suit . . . .  In all such instances the unsuccessful party is really prevented, by the fraudulent contrivance of his adversary, from having a trial . . . .'" *Id.* at 660 (quoting *McClung v. Folks*, 126 Va. 259, 270 (1919)). "[T]he judgment of a court, procured by extrinsic fraud, . . . is void and subject to attack, direct or collateral, at any time." *T.S.G. v. B.A.S.*, 52 Va. App. 583, 589 n.3 (2008) (quoting *State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 218 (2005)).

In contrast, "a judgment obtained 'by *intrinsic* fraud, *i.e.*, by perjury, forged documents, or other incidents of trial related to issues material to the judgment, is voidable by direct attack at any time before the judgment becomes final . . . ." *Id.* (emphasis added) (quoting *Remley*, 270 Va. at 218). Where a court has jurisdiction over the person and the subject matter, "no error in the exercise of such jurisdiction can make the judgment void, and . . . a judgment rendered by a

- 4 -

court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith." *Robertson v. Commonwealth*, 181 Va. 520, 536-37 (1943). "This is true even if there is a fundamental error of law appearing upon the face of the record. Such a judgment is, under proper circumstances, voidable," but unless it is then voided, it is regarded as valid. *Id.*

"The charge of fraud is one easily made, and the burden is upon the party alleging it to establish its existence, not by doubtful and inconclusive evidence, but clearly and conclusively. Fraud cannot be presumed." *Aviles v. Aviles*, 14 Va. App. 360, 366 (1992) (quoting *Redwood v. Rogers*, 105 Va. 155, 158 (1906)). The party alleging fraud "has the burden of proving '(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.'" *Batrouny v. Batrouny*, 13 Va. App. 441, 443 (1991) (quoting *Winn v. Aleda Constr. Co.*, 227 Va. 304, 308 (1984)). *See also Jacobs v. Jacobs*, 184 Va. 281, 285 (1945) ("[W]here fraud is relied upon the burden of proof is upon the one alleging it, and that if it is not strictly and clearly proven as alleged, by circumstantial or direct evidence, no relief will be granted.").

Hunter's allegations of fraud, even if true, demonstrate only intrinsic fraud, thus rendering the verdict voidable rather than void *ab initio*. Over three years have passed since the final judgment was entered, and the time to challenge a voidable judgment has long since expired. For this reason, and because Hunter did not advance a claim that would prove the judgment was void *ab initio,* the trial court properly concluded it lacked jurisdiction to consider Hunter's motion to vacate. "Virginia law does not permit a motion to vacate that is filed in a trial court long after the court lost active jurisdiction over the criminal case to serve as an all-purpose pleading for collateral review of criminal convictions." *Jones v. Commonwealth*, 293 Va. 29, 53 (2017).

Consistent with the Supreme Court's ruling in *Jones*, and as bound by Rule 1:1(a), the trial court did not err in finding that it lacked jurisdiction to entertain Hunter's motion to vacate, which was filed long after Hunter's conviction became final in the trial court. Accordingly, we do not disturb the trial court's decision.

## CONCLUSION

For all of the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*