UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Chaney and Senior Judge Annunziata

TYRONE LAMONT HOLLOWAY

MEMORANDUM OPINION[*]
v.        Record No. 0231-23-1                           PER CURIAM
                                                         OCTOBER 31, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Holly B. Smith, Judge

(Tyrone L. Holloway, on briefs), *pro se*.

(Jason S. Miyares, Attorney General; Timothy J. Huffstutter,
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


Tyrone Lamont Holloway was convicted by a jury of abduction and rape in violation of

Code §§ 18.2-48 and -61 in December of 2013.  He challenges on appeal the trial court's denial of

his motion to vacate the convictions for extrinsic fraud under Code § 8.01-428(D).  After examining

the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).  We affirm

the trial court's judgment.

BACKGROUND

Following a jury trial, the trial court sentenced Holloway to 33 years of incarceration for

abduction and rape by order entered February 25, 2014.  Holloway's initial petitions for appeal to

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

this Court and the Virginia Supreme Court were denied in 2014 and 2015.[1]  Subsequent habeas corpus petitions to the federal court and the Virginia Supreme Court were dismissed.[2]  Holloway filed an additional appeal in 2020 claiming the final sentencing order was void ab initio; the Virginia Supreme Court refused that petition for appeal in 2021.[3]

Holloway filed another motion to vacate in the trial court on December 7, 2022, alleging that a law enforcement officer lied in a search warrant affidavit and that this falsehood constituted an "extrinsic fraud" under Code § 8.01-428(D).  On January 24, 2023, the trial court determined it lacked jurisdiction under Rule 1:1 and denied Holloway's motion.  Holloway appeals.

## ANALYSIS

Our review of whether the trial court retained jurisdiction over the case to allow it to consider appellant's motion involves the interpretation of the Rules of the Supreme Court of Virginia.  Thus, it poses a question of law that we review de novo.  *See LaCava v. Commonwealth*, 283 Va. 465, 470-71 (2012).

Generally, a trial court retains jurisdiction to modify, vacate, or suspend final orders for 21 days after the date of entry.  Rule 1:1(a).  "On its face, Rule 1:1 terminates a court's jurisdiction twenty-one days after entry of a final order."  *Martinez v. Commonwealth*, 71 Va. App. 318, 326-27 (2019).  Clearly, more than 21 days have passed since the trial court entered Holloway's final sentencing order in 2014.

Code § 8.01-428(D) extends the trial court's authority to "entertain at any time" a motion "to set aside a judgment or decree for fraud upon the court."  This "does not create new rights or

---

[1] *Holloway v. Commonwealth*, No. 0445-14-1 (Va. Ct. App. Oct. 8, 2014) (order); *Holloway v. Commonwealth*, No. 141534 (Va. May 21, 2015) (order).

[2] *Holloway v. Walrath*, No. 181626 (Va. Feb. 13, 2019) (order); *Holloway v. Walrath*, No. 3:17CV683 (E.D. Va. May 31, 2018).

[3] *Holloway v. Commonwealth*, No. 201302 (Va. Aug. 24, 2021) (order).

remedies" and is construed "narrowly to advance the principle of finality of judgments." *Va. Polytechnic Inst. & State Univ. v. Prosper Fin., Inc.*, 284 Va. 474, 483 (2012). To determine if it has jurisdiction to set aside a judgment for fraud, the trial court must determine "whether the misconduct tampers with the judicial machinery and subverts the integrity of the court itself." *State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 217 (2005) (quoting Owens-Corning Fiberglas Corp. v. Watson, 243 Va. 128, 142 (1992)). There are two types of fraud relevant to this analysis: extrinsic and intrinsic.

"Extrinsic fraud is fraud which occurs outside the judicial process and 'consists of "conduct which prevents a fair submission of the controversy to the court."'" *F.E. v. G.F.M.*, 35 Va. App. 648, 659-60 (2001) (quoting *Peet v. Peet*, 16 Va. App. 323, 327 (1993)). "It includes 'purposely keeping [the unsuccessful party] in ignorance of the suit.'" *Id.* at 660 (alteration in original) (quoting *McClung v. Folks*, 126 Va. 259, 270 (1919)). "In all such instances the unsuccessful party is really prevented, by the fraudulent contrivance of his adversary, from having a trial." *Id.* (quoting *McClung*, 126 Va. at 270). "[T]he judgment of a court, procured by extrinsic fraud, . . . is void and subject to attack, direct or collateral, at any time." *T.S.G. v. B.A.S.*, 52 Va. App. 583, 589 n.3 (2008) (quoting *Remley*, 270 Va. at 218).

In contrast, "a judgment obtained 'by intrinsic fraud, i.e., by *perjury*, forged documents, or other incidents of trial related to issues material to the judgment, is voidable by direct attack at any time before the judgment becomes final.'" *Id.* (emphasis added) (quoting *Remley*, 270 Va. at 218). "[A] judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith." *Robertson v. Commonwealth*, 181 Va. 520, 536 (1943). "This is true even if there is a fundamental error of law appearing upon the face of the record." *Id.* at 536-37.

Holloway alleges that perjury in a search warrant affidavit constituted extrinsic fraud. Even if this Court assumes his allegations of perjury are correct, they fall squarely within the definition of intrinsic fraud. *See T.S.G.*, 52 Va. App. at 589 n.3 (intrinsic fraud includes perjury). Therefore, the sentencing order is not subject to this type of collateral attack after it became final. *See id.* "Virginia law does not permit a motion to vacate that is filed in a trial court long after the court lost active jurisdiction over the criminal case to serve as an all-purpose pleading for collateral review of criminal convictions." *Jones v. Commonwealth*, 293 Va. 29, 53 (2017). "Just as habeas corpus cannot be used as a substitute for a direct appeal, a motion to vacate cannot be used as a substitute for a habeas corpus petition." *Id.* (internal citation omitted). Thus, the trial court correctly concluded it lacked jurisdiction to entertain Holloway's motion to vacate filed eight years after the conviction became final.

## CONCLUSION

For the foregoing reasons, we affirm the order of the trial court.

*Affirmed*.