IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| RENEE Y. LAMB, an individual, | ) | No. 40157-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| WILLIS MARVIN LAMB, JR., an individual, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Marvin Lamb appeals the trial court's order denying his motion to vacate a default order and judgment. He argues the trial court lacked jurisdiction to enter the default order and judgment because he appeared prior to default, and Renee Lamb improperly obtained the order and judgment without notice to him.

We disagree with Marvin's[1] argument that the trial court lacked jurisdiction to enter the default order and judgment. But because Renee should not have obtained the order and judgment without notice to Marvin, we reverse the trial court's order denying Marvin's motion to vacate.

---

[1] Because the parties share a common last name, for clarity, we refer to them by their first names. We mean no disrespect.

FACTS

Siblings Marvin and Renee each own a parcel of land that was subdivided from a common parcel. Two roads cross Marvin's parcel to reach Renee's parcel—the northern road, which is narrow, and the southern road, which is wider. Historically, the tenants who farmed Renee's parcel used the southern road to access the land, as it could better accommodate their farming equipment. However, in 2023, Marvin locked and later refused to open the gate through which Renee's tenant could access the southern road.

On September 27, 2023, Renee served Marvin with a summons and complaint in which she sought, among other relief, recognition of an easement by prior use over both the northern and southern roads. On that same day, Marvin forwarded the summons and complaint to attorney Rusty McGuire, who e-mailed the following to Renee's attorney:

> Marv was served today. Can you answer me back whether Renee will raise a conflict since my partner represented her in an eviction. If she will waive that is fine and if not I will get somebody on board today to get you an answer.

Clerk's Papers (CP) at 22. On that same day, Renee's attorney e-mailed Mr. McGuire to communicate Renee's refusal to waive the conflict. Contrary to Mr. McGuire's e-mailed assurance, no attorney promptly answered the complaint, nor did any attorney file or serve a notice of appearance for Marvin.

On October 27, 2023, Renee, without notice to Marvin, filed a motion for default and obtained a default order and judgment, the latter declaring the validity and the locations of the northern and southern easements. Also on October 27, Marvin's new attorney, Megan Clark, e-mailed Renee's attorney to inform her that she now represented Marvin, and planned to answer the complaint. Having heard that a motion for default had been filed, and not knowing that a default order and judgment also had been entered, Ms. Clark asked Renee's attorney to withdraw her motion. Renee's attorney did not reply to Ms. Clark.

On October 30, 2023, Ms. Clark discovered that Renee had obtained a default order and judgment. On November 2, 2023, Marvin, through counsel, answered Renee's complaint.

On November 8, 2023, Marvin moved to vacate the default order and judgment, arguing that his original attorney's e-mail to Renee's attorney constituted an informal appearance such that Marvin was entitled to notice before Renee could enter a default order and judgment. Among other alternative arguments, Marvin argued that good cause existed to vacate the default judgment. The court denied Marvin's motion, and Marvin timely appealed to this court.

LAW AND ANALYSIS

VACATING DEFAULT ORDERS AND JUDGMENTS

1.      *The trial court had jurisdiction to enter the default order and judgment*

Citing *Servatron, Inc. v. Intelligent Wireless Products, Inc.*, 186 Wn. App. 666, 679, 346 P.3d 831 (2015), Marvin argues the trial court lacked jurisdiction to enter the default order and judgment.  We take this opportunity to correct *Servatron*, and perhaps other of our cases that have incorrectly concluded that default judgments entered erroneously are void, rather than voidable.  This is an important distinction because there are no time limits for setting aside void judgments.  *Id.*

In *Servatron*, we wrote, "if a party otherwise entitled to notice [of default] under CR 55 does not receive such notice, the trial court lacks the authority to enter [a default] judgment." *Id.*  We, and perhaps other of our cases, have incorrectly concluded such judgments are void.  *Id.*  This error derives from an incomplete reading of *Dike v. Dike*, where our high court stated that "'[a] judgment, decree or order entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void.'"  75 Wn.2d 1, 7, 448 P.2d 490 (1968) (quoting *Robertson v. Commonwealth*, 181 Va. 520, 536, 25 S.E.2d 352 (1943)).

4

Read in its entirety, however, *Dike* refutes the notion that default judgments entered in violation of the notice requirement of CR 55 are void. Specifically, the *Dike* court further stated:

> "'[T]here is a vast difference between a judgment which is void and one which is merely erroneous. In 31 Am. Jur., Judgments, section 401, p. 66 [(1940)], it is said: "'. . . a void judgment should be clearly distinguished from one which is merely erroneous or voidable. There are many rights belonging to litigants—rights which a court may not properly deny, and yet if denied, they do not render the judgment void. Indeed, it is a general principle that where a court has jurisdiction over the person and the subject matter, no error in the exercise of such jurisdiction can make the judgment void, and that a judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith. This is true even if there is a fundamental error of law appearing upon the face of the record. Such a judgment is, under proper circumstances, voidable, but until avoided is regarded as valid."'"

*Id.* at 8 (third alteration in original) (quoting *Robertson*, 181 Va. at 536-37).

In keeping with *Dike*, we clarify now that only a jurisdictional defect can render an order or judgment void. *Accord Gates v. Homesite Ins. Co.*, 28 Wn. App. 2d 271, 280, 537 P.3d 1081 (2023). Because there was no evidence in *Servatron* that the court lacked personal jurisdiction over the defendant or subject matter jurisdiction over the controversy, our conclusion that the default judgment was void was incorrect. *Freedom Found. v. Teamsters Loc. 117 Segregated Fund*, 197 Wn.2d 116, 141, 480 P.3d 1119 (2021) (jurisdiction requires only two elements: personal jurisdiction and subject matter jurisdiction).

5

In the current case, there likewise is no evidence that the trial court lacked jurisdiction over Marvin. Indeed, Marvin does not dispute the propriety of Renee's service of her summons and complaint, which gave rise to personal jurisdiction. *Gates*, 28 Wn. App. 2d at 279 ("Generally, a trial court has personal jurisdiction over a party-defendant that receives lawful service of a summons and complaint."). Marvin does not argue that the trial court lacked subject matter jurisdiction over an easement dispute in Washington. Because the court had personal jurisdiction over Marvin and subject matter jurisdiction over the controversy, no order or judgment it entered could have been void. At most, the court's orders were voidable.

2.      *The default order and judgment were voidable for lack of proper notice and should have been vacated*

Marvin's central argument is that he substantially complied with the appearance requirement of CR 55(a)(3) and therefore was entitled to notice prior to default. We agree.

"When the facts surrounding the adequacy of a party's appearance under CR 55 are undisputed, this court reviews de novo whether that party has established its appearance as a matter of law." *Servatron*, 186 Wn. App. at 673. "A party who has appeared in an action is entitled to notice of a default judgment hearing and, if no notice is received, is generally entitled to have judgment set aside without further inquiry."

6

*Morin v. Burris*, 160 Wn.2d 745, 754, 161 P.3d 956 (2007) (construing the notice

requirement of CR 55(a)(3)).

Because default judgments are disfavored, our courts have required defendants

seeking to set aside a default order and judgment to establish only that they "substantially

complied" with the appearance requirement.[2] *Id.* at 755. When assessing substantial

compliance, courts examine the defendant's conduct "to see if it was designed to and, in

fact, did" apprise the plaintiff of the defendant's intent to litigate the case. *Id.* While

courts have liberally construed the appearance requirement, only acts that occur after

service of process may constitute substantial compliance with the appearance

requirement.[3] *Id.*

In *Sacotte Construction, Inc. v. National Fire & Marine Insurance Co.*, 143 Wn.

App. 410, 414, 177 P.3d 1147 (2008), the defendant's attorney received process, and

telephoned the plaintiff's attorney to establish an appearance. The attorney then sent two

e-mails confirming that, despite any conflict of interest, default could not be entered

without notice. *Id.* We held that the attorney's actions constituted substantial

---

[2] The liberal test of what constitutes an appearance for the purposes of CR 55(a)(3) is "substantial compliance," rather than "informal appearance." *Morin*, 160 Wn.2d at 753, 757.
[3] The civil rules allow a person to be served with civil process before filing the summons and complaint with the court. CR 3(a). This is why we emphasize acts after "service of process" rather than acts after filing the summons and complaint.

compliance with the appearance requirement of CR 55(a)(3) such that the defendant was entitled to notice prior to default. *Id.* at 416-17.

Here, the actions of Marvin's first attorney, Mr. McGuire, likewise constituted substantial compliance with CR 55(a)(3)'s appearance requirement. Mr. McGuire e-mailed Renee's attorney and informed her of Marvin's intent to defend the lawsuit. This action, after service of process, "was designed to and, in fact, did" apprise Renee of Marvin's intent to litigate the case. *Morin*, 160 Wn.2d at 755. For this reason, CR 55 required Renee to give Marvin notice before obtaining default. The trial court erred by not granting Marvin's motion to vacate the default order and judgment.

MARVIN'S ATTORNEY FEE AND EXPENSE REQUEST

Citing RAP 18.1 and RAP 14.6, Marvin initially requests "costs and expenses" on appeal, and later requests "fees and costs." Br. of Appellant at 24.

RAP 18.1 sets forth the procedure for a prevailing party to recover its reasonable attorney fees and expenses on appeal. RAP 18.1(a) conditions recovery of those types of costs on applicable law granting their recovery.

For the purposes of recovering fees and expenses, however, RAP 14.6 does not constitute "applicable law." Instead, RAP 14.6 merely explains which court officer assesses cost bills, how an objection may be made, how this court transmits the award,

No. 40157-0-III
*Lamb v. Lamb*

and how it is enforced. In short, RAP 14.6 discusses only procedures. For this reason, we deny Marvin's request for reasonable attorney fees and expenses.

Reversed and remanded to vacate default order and judgment.

_Lawrence-Berrey, C.J._
Lawrence-Berrey, C.J.

WE CONCUR:

_Fearing, J._
Fearing, J.

_Staab, J._
Staab, J.