# Richmond

### G. Mark French, Et Al. v. Town of Clintwood, Ex Rel. Goldie Johnson.

June 11, 1962.

Record No. 5416.

Present, All the Justices.

*Benjamin F. Sutherland*, for the appellants.

Case submitted on brief for the appellee.

*Glyn R. Phillips; L. Victor McFall (Phillips & McFall*, on brief), for the appellee.

SPRATLEY, J., delivered the opinion of the court.

This appeal brings under review a decree wherein G. Mark French and Francis French were adjudged to be guilty of civil contempt for the violation of an injunction granted by the trial court on September 15, 1955, in a former suit by the *Town of Clintwood* v. *G. Mark French*.

The facts and proceedings in the 1955 cause may be summarized as follows:

In 1946, the town of Clintwood adopted a zoning ordinance and a building and fire-limits ordinance. At that time G. Mark French was the owner of a lot situated on the west side of McClure avenue in Clintwood, standing flush with the boundary line of the avenue. A two-story building was on the lot, a portion of which Mark French had occupied as an office for the practice of law for about thirty-five years. The area in which the lot was located was classified (in the zoning ordinance) as business property, and the ordinance provided that no building in that area should be thereafter erected on "a 10-foot strip on the west side of McClure avenue."

The building and fire-limits ordinance, hereinafter referred to as the building ordinance, required that new buildings on the west side of McClure avenue should be of fire proof materials, except that "the use of new materials or modes of construction," approved by recognized authorities, might be permitted by the town's Building Inspector; that no building or structure should thereafter be built, enlarged or altered without a permit issued by the Mayor, and approved by the Building Inspector; and that no non-conforming building should be altered, rebuilt or repaired, if the cost to do so was 50% of the value of the building reconstructed or restored.

On February 20 and 21, 1955, the French building was damaged by successive fires. Subsequently, G. Mark French began to repair the building, and the town of Clintwood filed a suit in equity, in

the Circuit Court of Dickenson county, against him, alleging that the repairs were in violation of the zoning and building ordinances of the town, and praying that French be enjoined from completing the repairs.

French answered, denied the allegations of the bill, and charged that the said ordinances were discriminatory and unconstitutional.

On September 15, 1955, the court, after hearing the evidence, upheld the validity of the ordinances, and found that the building of French was damaged more than 50% by the fires; and that French was undertaking to rebuild, repair and restore his building without first obtaining a building permit as provided by the building ordinance. It then decreed that "G. Mark French, his heirs and assigns, be perpetually enjoined and restrained from reconstructing, rebuilding, altering or repairing said building involved in this case, unless and until same is done after compliance with the zoning ordinance and building and fire-limits ordinance of said town, which the court finds the defendant has failed to do."

G. Mark French excepted to the action of the court and filed a petition for an appeal. We refused the appeal on January 17, 1956.

On June 17, 1961, Goldie Johnson, a resident and taxpayer of Clintwood and the owner of property adjoining the French lot, instituted the present proceeding by filing a petition in the Circuit Court of Dickenson county against G. Mark French. She alleged that French was repairing his building without complying with the ordinances of Clintwood, and in violation of the decree of September 15, 1955, in the former case of *Town of Clintwood* v. *G. Mark French*. On the same day a rule was issued against French to show cause why he should not be adjudged in contempt of court in disobeying the said decree. French appeared and filed an answer. A hearing was had on the rule on June 20, 1961, and at the conclusion of the evidence the court granted a continuance until July 5, upon an agreement with G. Mark French that he would not do any work on the building for himself or son in the meantime.

On June 29, 1961, Goldie Johnson filed an amended petition and affidavit, setting out that G. Mark French and Francis French, on or about June 24, 1961, had begun to repair and reconstruct the building involved without complying with the ordinances of the town or the decree of September 15, 1955, and prayed for a rule against both G. Mark French and his son. The rule was issued and both defendants filed a motion to quash, a demurrer and an answer. The motion to quash and the demurrer were overruled. The de-

fendants in their joint answer denied that there was any valid zoning or building ordinance in the town of Clintwood; denied that they had done any act not in compliance with said ordinances; and alleged that after the entry of the September 15, 1955, decree the town of Clintwood had rescinded and repealed the zoning ordinance referred to in that decree.

On July 3, the cause came on to be heard, and by agreement of the parties, it was ordered by the court that this cause which had proceeded under the caption of *Goldie Johnson* v. *G. Mark French* should be restyled as *Town of Clintwood, Ex Rel. Goldie Johnson* v. *G. Mark French and Francis French*. The evidence was heard *ore tenus*, and the issue was whether the defendants were guilty of civil contempt. Code, § 18.1-292 (5), 1960 Replacement Vol.

It appeared that in the May 10, 1961, issue of "The Dickensonian," a newspaper published at Clintwood, there was a notice that the town of Clintwood would on June 5, 1961, consider whether the "Fire Ordinance and Zoning Ordinance of the Town of Clintwood be changed and modified in the following particulars, to-wit: That the property on the South side of McClure Avenue in Clintwood, Virginia, belonging to Icen Silcox and G. Mark French be omitted from the fire ordinance and zoning ordinance of the Town of Clintwood."

This notice was prepared by or at the direction of G. Mark French, and its publication in the newspaper obtained by him. The town clerk testified that she did not sign or attest the notice, nor authorize same to be done, although the newspaper publication bears her name thereon.

It will be observed that the proposal to amend the ordinance was with respect to property on the "south side of McClure Avenue," belonging to G. Mark French; whereas, his property, the property involved, was on the west side of that avenue; and that the notice made no mention of the 10-foot set-back requirement of the zoning ordinance.

On June 5th, the town council adopted a resolution to amend the ordinance of the town, under a conditional agreement with the persons named in the proposed amendment. The amendment reads as follows:

"That the property adjoining McClure Avenue on the west side of said avenue belonging to G. Mark French and Silcox be removed from the Fire and Zoning Ordinance of the said town and the said G. Mark French and Silcox bind themselves not to construct build-

ings or repair buildings on said property except it has aluminum front and brick sides and otherwise comply with the building code of said town as to the construction of structures on said lots. The 10-foot set-back now required for building on said lots is specifically rescinded."

On June 6th, G. Mark French conveyed the lot and building in question to his son, Francis French. G. Mark French said that the conveyance was a gift to his son "to comply with the gift statute" and to save estate taxation. Francis French, who holds a Bachelor's degree in Business Administration, resides in Salem, Virginia; but from time to time visited his father in Clintwood and kept in touch with him. The deed for the lot was not recorded in the local clerk's office.

Immediately after the conveyance of the lot to Francis French, work was begun on the repair and reconstruction of the building. G. Mark French continued to occupy a portion of it as a law office. He testified that he supervised the repair work thereon for his son, "up until I found that there was a complaint and then I phoned the boy and quit supervising it because I didn't want to appear in any way to disregard an injunction anybody thought was correct." The phone call to Francis French was made on June 17, 1961, after a rule had been served on G. Mark French to show cause why he should not be punished for repairing his building in violation of the 1955 decree.

G. Mark French said he called his son after the hearing on June 20, 1961, and told him: "I told the Judge I wasn't going to work any more, that he would have to make other arrangements." Francis French immediately came to Clintwood, stayed all night in his father's home, and the repair work on the building was continued until June 30, 1961. G. Mark French admitted that he purchased some of the materials for the building, and that he arranged to obtain workmen for his son to continue its reconstruction. Francis French admitted that on June 21 or 22, 1961, he had heard of the injunction order of 1955. Nevertheless, he continued the work, knowing that his father had stopped on June 20, 1961. No building permit was obtained by the father or son.

The testimony of both G. Mark French and his son was vague, evasive, shifty and contradictory. Both said that they thought the June 5th action of the town council removed all restrictions on the lot. The record is replete with evidence that both father and son knew of the 1955 injunction decree, and that they, nevertheless,

undertook and conspired to avoid its force and effect in the manner and under the excuse recited by them. The chancellor was patient, considerate and forbearing. He gave appellants full opportunity to purge themselves of contempt, and they failed to take advantage thereof.

In a decree entered on July 12, 1961, the chancellor found:

(1) That the ordinance of the town of Clintwood of June 5, 1961, which undertook to exempt the property of G. Mark French and one, Silcox, from the operation of the ordinances then in force in said town, and "to remove same from the operation and administration of said fire and zoning ordinances without any rule or regulation made applicable to other property on said McClure avenue within the said fire and zoning ordinances then in force, was illegal and without authority of law;"

(2) That G. Mark French and Francis French in proceeding to reconstruct and repair the said building, since the decree of September 15, 1955, had done so without complying with the ordinances of Clintwood in effect at the time, and in violation of the injunction of September 15, 1955; and

(3) That in repairing said building in the manner described in said decree, and "in erecting the foundation for the reconstruction of a part of said building in violation of the said ordinances and said decree," G. Mark French and Francis French had "violated the rights of Goldie Johnson, the laws of said town, and said injunction of this Court;" and that "the plaster board, windows and doors so placed by the defendant, or either of them, in and on said old building in an attempt to repair and rebuild the said building as aforesaid, should be removed."

The court thereupon adjudged, ordered and decreed that "G. Mark French and Francis French remove the said plaster board, windows and doors from said building within ten days from the date of this decree, and that in the event the said defendants fail to do so in compliance with this decree, that they be held in contempt of this Court and punished as the Court may hereinafter find necessary to enforce this decree. * * *."

The defendants duly excepted, and we awarded them an appeal on October 9, 1961.

■ Defendants principally contend that the trial court erred in holding invalid the action of the town council on June 5, 1961. They claim that the evidence was insufficient to find either of them guilty of contempt because they honestly relied on the validity of the June

5th action; and further, they assert that the original ordinances are of a discriminatory nature, and provide for the taking of property without just compensation.

We find no merit in any of the appellants' assignments of error. The evidence amply supports the finding of facts by the chancellor and his rulings thereon.

In the 1955 case of *Town of Clintwood* v. *G. Mark French*, the court had jurisdiction of the parties and of the subject matter of the suit and the legal authority to make the decree of September 15, 1955. The refusal of the appellants to obey that decree made them liable to contempt. Even if it was erroneous, it was as binding on them as if it had been correct, until it was vacated, dissolved, or set aside or corrected in a manner provided by law. *Robertson* v. *Commonwealth*, 181 Va. 520, 537, 25 S. E. 2d 352, 146 A. L. R. 966; *Deeds* v. *Gilmer*, 162 Va. 157, 261, 262, 174 S. E. 37; 4 Michie's Jur., Contempt, §§ 8 and 9, pages 251, 257.

The notice published in the newspaper that the town council would consider amending its ordinances was incorrect, insufficient and unauthorized. The council had not ordered it to be published, and it was not signed, or authorized to be signed, by the town clerk. It stated that the change to be made related to "the south side of McClure Avenue," when, in fact, the proposed ordinance was intended to exempt property on the "west side" of that avenue.

The ordinance of June 5th is arbitrary, ambiguous and indefinite. It sets out a conditional agreement to be entered into between Clintwood on the one part and G. Mark French and Silcox on the other part. It provides no standards or guides by which the exemption was governed, nor assigns any reason therefor. Moreover, it required the beneficiaries named "to otherwise comply with the building code of the town." This as we have seen, appellants did not do.

The trial court, in the 1955 proceeding, upheld the zoning ordinance containing the 10-foot set-back requirement, and, consequently, the validity of that requirement is not in issue in this proceeding for contempt. While the courts disagree as to the validity of set-back requirements, we have adopted the view that a municipal ordinance, enacted in the interest of the health, safety and convenience of the public, prohibiting an owner of property bordering on a public street to construct buildings nearer than a specified distance from the street line does not unconstitutionally deprive such owner of his property without due process of law. *Gorieb* v. *Fox*, 145 Va. 554, 562, 134 S. E. 914, Aff. 274 U. S. 603, 71 L. ed. 1228, 47 S. Ct. 675, 53 A. L. R.

1210; and Cf. *West Bros. Brick Co.* v. *Alexandria,* 169 Va. 271, 192 S. E. 881, Appeal dismissed, 302 U. S. 658, 82 L. ed. 508, 58 S. Ct. 369.

It is well settled that a court in the protection and administration of justice is invested with power to punish for contempt in the disobedience of its orders and decrees, both by the inherent nature and constitution of a court, and by statute in Virginia. Code, § 18.1-292, 1960 Replacement Vol.

The purpose of a civil contempt proceeding is to procure the imposition of a punishment, which will afford remedial relief to an injured party, and in appropriate cases to preserve and enforce the rights and administer the remedies to which the court has found the persons for whose protection an injunction was granted to be entitled, and to require the violator of an injunction to restore the *status quo* as far as may be possible. The judgment complained of comes within these limitations. *Deeds* v. *Gilmer, supra,* 162 Va., at page 261.

On January 22, 1962, appellee moved to dismiss the appeal granted in this case, on October 9, 1961, on the ground that all questions presented had become moot, since the building involved had been destroyed by fire on January 9, 1962, as shown by an affidavit thereto attached.

Appellants opposed dismissal, pointing out that while it might be impossible for them to comply with the final decree of July 12, 1961, under the circumstances now existing, the decree also adjudged them in contempt, and that decree was still in effect, as well as the holding of the court that the 1946 ordinances of Clintwood were valid and effective. Attached to their answer was an affidavit by G. Mark French that, "The foundation mentioned in the final decree herein was not destroyed by fire on the night of January 9, 1962."

The question whether appellants were guilty of contempt of court is not moot.

There is no evidence in the record before us as to the fire of January 9, 1962, or as to its effect; and this presents a matter for consideration by the trial court.

For the reasons stated, the decree appealed from will be affirmed, and the cause remanded to the trial court for such further proceedings as may be necessary and proper under the circumstances.

*Affirmed and remanded.*