COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Frank and Senior Judge Overton
Argued at Norfolk, Virginia


JOHN G. CRANDLEY

MEMORANDUM OPINION[*] BY
v. Record No. 1694-98-1 JUDGE RICHARD S. BRAY
AUGUST 10, 1999

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Edward W. Hanson, Jr., Judge

John G. Crandley (Preston, Wilson & Crandley,
on brief), pro se.

Michael T. Judge, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


On June 30, 1998, attorney John G. Crandley (appellant) was

twice adjudged in contempt of the trial court in violation of

Code § 18.2-456. On appeal, appellant challenges the

sufficiency of the evidence to support the convictions.

I.

The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

The instant offenses occurred during trial of a civil

action before the court, while appellant was acting as counsel

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

for the defendant, William Lee.  During appellant's cross-examination of Trudy S. Woodring, a witness for plaintiff in the civil trial, plaintiff's counsel objected to appellant's "tone" as "a bit improper," prompting the court to admonish appellant, "We're going to settle this right now.  You will speak politely to this witness and every other witness, or I will deal with you."  Appellant responded, "[a]ll right."

Appellant's subsequent cross-examination of plaintiff, Anacleto Leone, was soon similarly interrupted by plaintiff's objection to appellant's "sarcasm."  The court sustained the objection, and appellant replied, "[t]hank you."  Moments later, however, while questioning Leone with respect to his alleged inability to presently participate in "handball" as a result of the injuries then in issue, appellant inquired, "Do you hit the ball with your nose, or do you hit the ball with your hand?"  Once again, plaintiff objected to appellant's "sarcasm," adding that he was "loud, yelling at the witness," and moved the court to "hold him in contempt."  The court reminded appellant, "I told you once you will treat every witness with respect.  I'm not going to tell you again."  Appellant acknowledged, "[a]ll right.  I'm sorry."

Immediately following this exchange, appellant persisted, again questioning Leone, "Do you play handball by hitting the ball with your nose, or do you play handball by hitting the ball with your hand?"  Plaintiff restated an objection to appellant's

-

"sarcasm," and the court cited appellant for contempt and imposed a fine of one hundred dollars,[1] adding, "Try me again, [and], you're going to jail." Appellant protested, "I'm not going to pay it . . . . There was nothing wrong, sir." The court warned, "You better listen to me," "Next time you're going to jail," noting, "Let the record reflect that the tone of voice was contemptuous." Upon further argument of appellant to the court, plaintiff objected to the continuing "sarcasm," and the court instructed appellant, "No more sarcasm."

Later, during appellant's cross-examination of Dr. Dirk S. Proffer with reference to his office notes relating to plaintiff, appellant, apparently annoyed by Dr. Proffer's answer to an earlier question, inquired, "You have difficulty saying yes?" Plaintiff objected "to the sarcasm," together with appellant's "facial grimaces." The court directed appellant to "Treat the witness with respect," and appellant acknowledged, "[a]ll right." Shortly thereafter, the court ordered appellant to "[r]ead the note in." When appellant did not comply, the court repeated the order, and appellant obeyed, concluding the recitation with, "Dirk S. Proffer, comma, M period, D period, Virginia Center for Orthopedics, D S P slant P E C. Have I read it in its entirety?"

In ruling on plaintiff's objection to "the sarcasm," the court excused the jury and advised appellant, "I warned you

---

[1] Later reduced to fifty dollars.

-

. . . . I don't know if you're incapable or just unwilling. Your tone of voice is sarcastic. You've been sarcastic with the witness. You're in contempt. Three days in jail." Appellant then demanded a "habeas corpus hearing now," declaring, "We're going to stop the trial" and was ordered into the custody of the bailiff when he refused to "be quiet," ending the proceedings in a mistrial.

II.

Code § 18.2-456 provides, in pertinent part, that

> [t]he courts and judges may issue attachments for contempt, and punish them summarily, . . . in the cases following:
>
> (1) Misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice;
>
> \*      \*      \*      \*      \*      \*      \*
>
> (4) Disobedience or resistance of an officer of the court . . . to any lawful process, judgment, decree or order of the court.

"Contempt is . . . an act in disrespect of the court and its processes, or which obstructs the administration of justice, or tends to bring the court into disrepute. It includes any act which is calculated to embarrass, hinder, or obstruct the court in the discharge of its responsibilities." Baugh v. Commonwealth, 14 Va. App. 368, 372, 417 S.E.2d 891, 894 (1992) (citations and internal quotations omitted).

Thus, refusal to obey an order emanating from a court with proper jurisdiction clearly constitutes contempt. See Robertson

-

<u>v. Commonwealth</u>, 181 Va. 520, 537, 25 S.E.2d 352, 359 (1943).

"The proper method of challenging the correctness of an adverse ruling is by an appeal and not by disobedience."  <u>Id.</u> at 538, 25 S.E.2d at 359.  "Even if [the ruling] was erroneous, it was as binding . . . as if it had been correct, until it was vacated, dissolved, or set aside or corrected in a manner provided by law."  <u>French v. Town of Clintwood</u>, 203 Va. 562, 568, 125 S.E.2d 798, 802 (1962) (citations omitted), <u>cert.</u> <u>denied</u>, 371 U.S. 962 (1963).

"Where the court's authority to punish for contempt is exercised by a judgment rendered, its finding is presumed correct and will not be reversed unless plainly wrong or without evidence to support it."  <u>Brown v. Commonwealth</u>, 26 Va. App. 758, 762, 497 S.E.2d 147, 149 (1998) (citation omitted).

Here, the court repeatedly ruled that appellant's cross-examination of numerous witnesses was sarcastic and disrespectful and admonished appellant to correct his behavior and comport himself with appropriate decorum.  Repeatedly, appellant acknowledged and assented to the order, but, within moments, resumed the proscribed conduct, in clear defiance of the court.  Once initially cited for contempt, appellant soon returned to his offending behavior, disregarded related orders of the court and was again found in contempt.  Such recurrent disobedience of court orders, and attendant exchanges, clearly

-

constituted conduct in violation of Code § 18.2-456 and provided ample support for the convictions in issue.

Accordingly, we affirm the trial court.

<u>Affirmed.</u>
