COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Fitzpatrick, Judges Benton and McClanahan
Argued at Alexandria, Virginia


STEPHEN J. HOLLIS

                                                    MEMORANDUM OPINION* BY
v.         Record No. 2494-03-4             JUDGE ELIZABETH A. McCLANAHAN
                                                         AUGUST 24, 2004
NEFTAL ANN HOLLIS BURNELL


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                          Herman A. Whisenant, Jr., Judge

            T. James Binder for appellant.

            Cassandra M. Chin (Paul F. Nichols; Nichols, Bergere,
            Zauzig & Sandler, P.C., on brief), for appellee.


       Stephen J. Hollis appeals from a finding of contempt of court for failure to abide by the

court's final decree of divorce regarding payment of military retirement benefits to his former

wife, Neftal Ann Hollis Burnell.  Hollis contends that the trial court erred in (1) issuing a rule to

show cause when a previous rule to show cause on the same issue had been dismissed; (2)

admitting certain evidence in violation of the evidentiary rules on hearsay; and (3) finding Hollis

in contempt and holding him responsible for retirement benefits arrearages due to Burnell, which

the court established from that evidence.  Burnell requests this Court to award her attorney's fees

on appeal.  For the reasons that follow, we affirm the trial court and remand for determination of

attorneys' fees and costs incurred in responding to this appeal, and for any costs incurred at the

hearing on remand.

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  Background

The parties entered into a separation and property settlement agreement in August 1991. That agreement provided that Hollis would pay Burnell, as he received it, "fifty per cent (50%) of his net monthly military pension, based on twenty (20) years of service, even if Husband should serve longer."  The parties divorced in November 1992.  The final decree of divorce ratified and incorporated by reference the separation and property agreement.

Hollis retired from the United States Navy in September 1997, after twenty-nine years of service.  Hollis was married to Burnell during twenty years of his service.  Based on his own calculations, Hollis began paying Burnell $511.43 per month as her portion of the military retirement benefits.  In December 1997, Burnell filed an affidavit in support of a rule to show cause against Hollis for failure to pay her portion of the military retirement benefits as ordered by the final decree.  A rule to show cause was entered by the trial court, and a hearing was scheduled for January 1998.

On the hearing date, the parties represented to the court that they had resolved the matter and would remove it from the docket.  The court and Burnell understood that the parties would contact the Defense Finance Accounting Center (DFAC), to ascertain the correct payment amount.  On January 9, 1998, the court entered an order, which stated that the parties "agreed by counsel to dismiss said rule."  The order also stated that the rule to show cause was thereby dismissed.

Burnell applied to DFAC for direct payment of her portion of the retirement pay.  In September 1998, DFAC determined that Hollis was due $1,369.98 per month and, commencing in March 1999, began paying her that amount directly from Hollis' retirement benefits.  Hollis received a letter from DFAC in June 1999, stating that the appropriate calculation for Burnell's

portion was $1,369.50 per month. Hollis appealed the DFAC determination, which took approximately two years to resolve.

In May 2003, Burnell filed a petition for a rule to show cause, with an attached affidavit, stating that Hollis was in arrears on her portion of the military retirement pay in the amount of $7,942.75. The trial court issued a rule to show cause to Hollis for contempt for, *inter alia*, failing to abide by the final decree. The court heard the matter on July 29, 2003.

At the hearing, Burnell testified that DFAC had determined Hollis was not paying the correct amount. Hollis objected to the testimony as to what DFAC determined on the grounds of hearsay. The court stated,

> All right, Sir, I'll still let her testify to it, Mr. Binder, its not going
> to – the Court's not going to accept the accuracy, but the fact that
> the event occurred and I think that's important, let's proceed.

Burnell introduced, as an exhibit, a chart showing her calculation of the amount she was due, which she based on the DFAC determination, the amount paid by Hollis and the balance due for the months October 1999 through December 2000. The chart showed a total accrued amount due of $7,942.75. Hollis did not object to the introduction of the chart.

During cross-examination of Hollis, Burnell sought to introduce the DFAC letter sent to Hollis regarding the appropriate calculation of Burnell's portion of the retirement benefits. The court admitted the letter over objection by Hollis, stating, "its not for the truthfulness of it, if that's, in fact, what the letter says, not for the accuracy of it."

At the conclusion of the hearing, the court held Hollis in contempt. It stated, "the court will accept the calculations of the Defense Finance Accounting Center because I think that's correct." It further stated that since the time DFAC sent the letter regarding the correct calculation of the retirement benefits, Burnell had been receiving the amount determined by DFAC. The court then ruled,

I did not hear any evidence today of that being contested or appealed or to be changed, so I don't know whether the parties have come to accept that as to be the amount that is due and owing or whether it's simply we're here today simply saying we disagree with it, but either way this Court will accept that the amount that was due and owing under the property settlement and the Court concluding that and accepting that calculation would mean that you would be seven thousand, nine hundred and forty-two dollars and seventy-five cents in arrears in reference to the pension payment and the Court is going to so find.

The Court is going to order that you pay that plus the interest at the judgment rate since September of 1999 and the reason for that is because there was that interpretation that had been made by the Defense Finance and Accounting Center, the parties were on notice, and I think that that would be an appropriate disposition in reference to the pension.

This appeal followed.

## II. Analysis

### A. Question on Rule to Show Cause is Waived

Hollis argues that the trial court erred in issuing a rule to show cause when a previous rule to show cause on the same issue had been dismissed. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Roberts v. Roberts, 41 Va. App. 513, 527, 586 S.E.2d 290, 297 (2003) (citation and internal quotation marks omitted); Rule 5A:20(e) (requiring appellants to brief the "principles of law, the argument, and the authorities relating to each question presented"). Having presented no principles of law or authority in his brief in support of this question, Hollis waives this question on appeal and we need not address it. See Rule 5A:20(e).

### B. The Court Did Not Err in Admitting into Evidence the DFAC Letter or Testimony on It

Hollis argues that the trial court erred by allowing Burnell to testify regarding a letter from DFAC determining Burnell's portion of the retirement benefits, and the subsequent admission of that letter into evidence. He contends that the testimony and letter are hearsay

evidence and if offered to prove the truth of the matter asserted, may not be admitted. See

Williams v. Morris, 200 Va. 413, 417, 105 S.E.2d 829, 832 (1958); Garcia v. Commonwealth, 21

Va. App. 445, 450, 464 S.E.2d 563, 565 (1995) (*en banc*).

In order to be admissible, hearsay must "come within one of the many established

exceptions to the general prohibition against admitting hearsay." Hanson v. Commonwealth, 14

Va. App. 173, 187, 416 S.E.2d 14, 22 (1992). "The hearsay rule excludes out-of-court

declarations only when they are 'offered for a special purpose, namely, as *assertions to evidence*

*the truth of the matter asserted*.'" Manetta v. Commonwealth, 231 Va. 123, 127, 340 S.E.2d

828, 830 (1986) (quoting Richard Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155,

157 (1981)) (emphasis in original). "If the court can determine, from the context and from the

other evidence in the case, that the evidence is offered for a different purpose, the hearsay rule is

no barrier to its admission." Id. (quoting Church v. Commonwealth, 230 Va. 208, 212, 335

S.E.2d 823, 825-26 (1985)). See also Thomas F. Guernsey, Virginia Evidence § 12-1.3 (1992);

Charles E. Friend, The Law of Evidence in Virginia § 18-3 (6th ed. 2003).

The trial court could determine from other evidence in the case that the calculations of

DFAC were correct. An exhibit, introduced by Burnell, consisted of a chart showing monthly

calculations of the amount due, which Burnell testified she based on the DFAC determination.

Hollis did not object to the introduction of the exhibit. Further, when the court made its

determination that the DFAC amount was correct, it stated that it heard no evidence that the

amount was contested. The court then accepted the undisputed fact that the amount due, as

shown on Burnell's chart, was "seven thousand, nine hundred and forty-two dollars and

seventy-five cents." That amount does not appear anywhere in the DFAC letter.[1] Burnell's

---

[1] Hollis did not include the letter in the Appendix submitted to this Court, in spite of the fact that the letter was admitted into evidence and was at issue in this appeal. Burnell included the letter in her brief.

testimony on the existence of the letter and Hollis' admission that he received the letter, which was then admitted into evidence, only showed that Hollis was on notice that the DFAC determination had been made. The admission of that evidence was relevant to show that Hollis knew that Burnell's portion was indeed more than he had been paying her and that he was willfully violating the terms of the final decree.

On this record, we find that the trial court properly reasoned that the testimony and letter were not introduced to establish the truth of the matter, or the accuracy of the calculations therein, but only to establish that DFAC sent Hollis a letter notifying him that a determination had been made. Therefore, because the testimony and letter were offered for the mere purpose of demonstrating that an action had been taken and that the parties were aware that it had been taken, and not for its content, the testimony on the letter and admission of the letter itself did not constitute hearsay. See Hamm v. Commonwealth, 16 Va. App. 150, 156, 428 S.E.2d 517, 521 (1993) ("It is well established that if a statement is offered, not for its truth, but to explain the declarant's conduct, or that of the person to whom the statement was made, the statement is not objectionable as hearsay.").

C. The Trial Court Did Not Err in Holding Hollis in Contempt, nor in Fixing an Amount Due

Under Code § 20-109.1, a trial court can enforce the provisions of a separation agreement that have been incorporated into a divorce decree "in the same manner as any provision of such decree." Code § 20-107.3, governing equitable distribution in divorce actions, provides,

> The court shall have the *continuing authority* and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section, including the authority to:
> . . . 2. *Punish as contempt of court* any willful failure of a party to comply with the provisions of any order made by the court under this section.

Code § 20-107.3(K) (emphasis added). As such, the incorporated provisions of a separation agreement are enforceable by the contempt power of the court. Rodriquez v. Rodriquez, 1

Va. App. 87, 90, 334 S.E.2d 595, 597 (1985) (citing <u>Morris v. Morris</u>, 216 Va. 457, 459, 219 S.E.2d 864, 866-67 (1975)).  <u>See also</u> <u>Smith v. Smith</u>, 41 Va. App. 742, 750, 589 S.E.2d 439, 443 (2003); <u>Herring v. Herring</u>, 33 Va. App. 368, 373, 533 S.E.2d 631, 634 (2000).  The trial court determined from the evidence at hearing that Hollis had willfully violated the provisions of the separation agreement that had been incorporated into the final decree.

Proceedings for contempt of court are of two classes -- those prosecuted to preserve the power and to vindicate the dignity of the court, and those instituted to preserve and enforce the rights of private parties.  The former are criminal and punitive in their nature; the latter are civil and remedial.  <u>Drake v. Nat'l Bank of Commerce</u>, 168 Va. 230, 239, 190 S.E. 302, 306 (1937) (citing <u>In re Nevitt</u> (C.C.A.) 117 F. 448 (1902); <u>Gompers v. Buck's Stove & Range Co.</u>, 221 U.S. 418 (1911); <u>Terminal R.R. Ass'n of St. Louis v. United States</u>, 266 U.S. 17 (1924)).  This second class of contempt includes compensatory civil contempt sanctions, which, as the name suggests, compensate the plaintiff for losses sustained because of the defendant's non-compliance or disobedience of a court's order.  <u>Bagwell v. United Mine Workers</u>, 244 Va. 463, 475, 423 S.E.2d 349, 356 (1992); <u>Powell v. Ward</u>, 15 Va. App. 553, 425 S.E.2d 539 (1993).  In the case at bar, the court's contempt order falls within this second class.

> "In contempt proceedings of this nature the punishment . . . imposed is not limited to a fine and/or imprisonment . . . . In appropriate cases the violator may be punished by . . . an award of damages against him in favor of the injured party sufficient to indemnify him for the pecuniary loss occasioned to him as a result of the act or omission which violated the injunction having injured or damaged property or rights which he was entitled to have protected or preserved by the injunction."

<u>Leisge v. Leisge</u>, 224 Va. 303, 308, 296 S.E.2d 538, 540-41 (1982) (quoting <u>Deeds v. Gilmer</u>, 162 Va. 157, 262, 174 S.E. 37, 78-79 (1934)).  <u>See</u> <u>also</u> <u>French v. Town of Clintwood</u>, 203 Va. 562, 569, 125 S.E.2d 798, 802 (1962); <u>Rainey v. City of Norfolk</u>, 14 Va. App. 968, 421 S.E.2d 210 (1992).

Hollis argues that except for the DFAC letter and any testimony that Burnell based on its content, there was no testimony establishing any arrearages due to Burnell for her portion of the retirement benefits. On the contrary, Burnell introduced an exhibit showing her calculations of the past due amounts which she testified she arrived at "by just taking the amount that I was supposed to receive starting in October 1997, which is when he retired, and the amount he paid me I [sic] subtracted that and the balance is what he owed and I did a total, running total." Burnell testified that she arrived at the correct amount from a determination made by DFAC. Hollis did not object to that testimony, nor to the exhibit, which showed the total past due to be $7,942.75, the amount awarded to her by the court.

The court awarded damages against Hollis in favor of Burnell in an amount sufficient to indemnify her for the pecuniary loss occasioned to her as a result of his failure to pay the correct amount required by the property settlement agreement, which was incorporated into the final decree. In doing so, it did not err in holding Hollis in contempt or in fixing the amount due to Burnell.

### D. Attorney's Fees on Appeal

Burnell requests this Court to award attorney's fees and costs incurred on appeal. See generally O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of costs and counsel fees incurred in this appeal.

### III. Conclusion

Accordingly, we hold that the trial court did not err in (1) issuing a rule to show cause when a previous rule to show cause on the same issue had been dismissed; (2) admitting testimony on the DFAC letter and the letter itself, and (3) finding Hollis in contempt and holding

him responsible for retirement benefit arrearages due to Burnell caused by his disobedience of the court's final decree. We remand to the trial court for a finding on Burnell's reasonable costs and expenses incurred on appeal.

<u>Affirmed and remanded.</u>

Benton, J., concurring.

I do not join in Part II(B) of the opinion because the record established that the trial judge accepted hearsay evidence as a basis for reaching his decision. I would affirm the judgment, however, because the record reflects, as the majority notes, the same disputed fact was proved by other evidence without an objection.

The record establishes that when the wife began to testify about the calculations made by the Defense Finance and Accounting Service, the following occurred:

> A. Actually, they had made the determination, I was supposed to start receiving it in September '98.
>
> [HUSBAND'S ATTORNEY]: Judge . . . I'd object to testimony as to what they determined, I believe that's hearsay, I believe --
>
> [JUDGE]: All right, Sir, I'll still let her testify to it, . . . it's not going to -- the Court's not going to accept the accuracy, but the fact that the event occurred and I think that's important, let's proceed.

Later, when the husband was asked on cross-examination about the letter containing the calculations, the following occurred:

> Q. And they told you in this letter that the appropriate calculation for your wife was thirteen-sixty-nine-point-five-oh, did they not?
>
> [HUSBAND'S ATTORNEY]: Objection, Judge, as to what the letter told, I think that's hearsay.
>
> [JUDGE]: I'll let him answer, it's not for the truthfulness of it, if that's, in fact, what the letter says, not for the accuracy of it.

When the letter was offered as an exhibit, the judge overruled the husband's attorney's objection and admitted the letter as evidence. Although the husband's attorney asked that it "not be admitted for the content of the letter," the judge ruled, "I've already admitted the letter, the content of the letter I've admitted and your objection is noted, let's proceed."

- 10 -

On appeal, the wife agrees that in all three instances the evidence ordinarily would be hearsay, except that in this case the "Judge . . . stated that the content of the letter was not admitted for the truthfulness or accuracy of the calculation, but for the fact of what the letter said." She contends "[t]he letter's relevance was the event of receiving the letter itself, not the truthfulness of the contents or the calculations contained within." Not only did the judge not limit his admissibility ruling as the wife suggests, but at the conclusion of the evidence his ruling included the following:

> Now, I'll state now that the Court will accept the calculations of the Defense Finance Accounting Center because I think that's correct, I think that is the way that that language in the property settlement agreement, the way it's worded, has to be interpreted in the way it has to be calculated.
>
> And as [the husband's attorney] had indicated, certainly, it wasn't for the Defense Finance and Accounting Center to make the determination, it didn't say that in the property settlement agreement, he's correct, neither did it say you were to make the determination, and, obviously, it will come down to the Court, but when the Court listens to how each of you made your calculations and determination I think it's very clear, at least to the Court, that the Defense Finance and Accounting Center was correct in how they calculated it the amount and that that would be the correct amount that would be due and owing.

I agree with the majority that this same information was admitted in evidence, without objection, through a chart prepared by the wife. Thus, any error in the procedure was harmless. See Burns v. Bd. of Supervisors of Stafford County, 227 Va. 354, 363-64, 315 S.E.2d 856, 862 (1984); Portner v. Portner's Ex'rs, 133 Va. 251, 263, 112 S.E. 762, 766 (1922).