# CIRCUIT COURT OF FAIRFAX COUNTY

William E. Shoup,
Fairfax County
Zoning Administrator

v.

Ronald Jerro

December 22, 2005

Case No. (Chancery) 2004-192143

BY JUDGE RANDY I. BELLOWS

This matter is before the Court on Complainant's motion for reconsideration. The court took the matter under advisement at the conclusion of the December 16, 2005, hearing. For the reasons explained below, the motion for reconsideration will be granted.

## I. *Factual and Procedural Background*

On November 12, 2004, this Court entered a Consent Decree between Complainant Fairfax County Zoning Administrator William E. Shoup and Respondent Ronald Jerro. The relevant terms of this Consent Decree provided that:

(1) Mr. Jerro is prohibited from maintaining a storage structure on his property within five feet of the lot line in the front yard by Zoning Ordinance §§ 2-302(6) and 10-104(12);

(2) Mr. Jerro must either remove or relocate the storage structure within 30 days of the decision of the Fairfax County

110

Board of Zoning Appeals on the issue of Mr. Jerro's special permit application;

(3) If Mr. Jerro violates any term of this Consent Decree, he shall pay $100.00 per day to the County of Fairfax for each day he is found to be in violation of this Consent Decree. Further, "this provision shall be in addition to any fines, punishments, or penalties imposed on them by the Circuit Court upon a finding of contempt of this Consent Decree."

On March 22, 2005, Mr. Jerro's special permit application was rejected by the Fairfax County Board of Zoning Appeals. On August 26, 2005, the Fairfax County Board of Zoning Appeals filed a motion for a Rule to Show Cause. This motion asked the Court to require Respondent to "appear before this Court and show cause why he should not be held in contempt of the Consent Decree. It further requested that the Court, upon a finding of contempt, "fine the Respondent $100 a day for each day that he has been in violation of the terms of the Consent Decree and/or incarcerate the Respondent in the Fairfax County Adult Detention Center until he is in compliance with all of the terms of the Consent Decree."

On September 30, 2005, the Court held a hearing on the issue of whether Mr. Jerro should be held in contempt for failing to either remove or to relocate the storage structure by the designated time. At this hearing, the Court found that Mr. Jerro was in contempt of court.

Consistent with the purpose of civil contempt, the Court imposed a sanction intended to compel the respondent to comply with the terms of the Consent Decree. Specifically, the Court imposed a $5,000 fine and then suspended this fine conditioned upon Respondent's compliance with the Consent Decree's terms. Essentially, to purge himself of contempt Mr. Jerro had to relocate or remove the storage structure prior to October 14, 2005.

Counsel for the Fairfax County Zoning Administrator endorsed the September 30, 2005, Decree while noting its objection to the Court's refusal to impose a sanction in the amount of $100 per day of noncompliance. The matter was then continued to October 14, 2005.

On October 14, 2005, the Court received evidence that Mr. Jerro relocated his storage structure on or about October 8, 2005. The Court found that Mr. Jerro was no longer in contempt of court and imposed judgment in favor of Complainant for costs. This amount was later determined to be $273.75, plus interest at the judgment rate from October 14, 2005. Again, Complainant objected to the Court's decision not to impose the requested

$100 per day sanctions against Mr. Jerro ($16,900). On October 14, 2005, the Fairfax County Zoning Administrator objected to the Court's failure to impose a sanction in the amount of $16,900. $16,900 represents 169 days between 30 days after Mr. Jerro's special permit application was denied until he came into compliance.

On October 25, 2005, counsel for the Fairfax County Zoning Administrator timely filed a motion for reconsideration of the October 14, 2005, Decree. The Court entered a suspending order of the October 14, 2005, Decree on October 26, 2005, to give the parties time to brief the issue and for the Court to consider those briefs. Mr. Jerro filed an opposition and the Fairfax County Zoning Administrator replied. The parties were before the Court for oral argument on the motion for reconsideration on December 16, 2005. At the conclusion of this hearing, the Court took the matter under advisement.

## II. *Discussion*

In its Motion for Reconsideration, the Fairfax County Zoning Administrator argues that the Court lacked jurisdiction to impose a sanction that deviated from the Consent Decree's sanction of $100 per day because more than 21 days had elapsed since the Consent Decree was entered on November 12, 2004.

Section 18.2-456 provides that "the courts and judges may issue attachments for contempt, and punish them summarily, only in the cases following . . . judgment, decree, or order of the court." Va. Code Ann. § 18.2-456. "Upon a finding of contempt, a trial judge has discretionary power to enforce decrees of the court." *Estate of Hackler v. Hackler*, 44 Va. App. 51, 64, 602 S.E.2d 426 (2004) (citing Va. Code § 18.2-456); *Epperly v. County of Montgomery*, 46 Va. App. 546, 555, 620 S.E.2d 125 (2005) ("The inherent power of the court to punish for contempt is discretionary."). This contempt power stems from the "inherent nature and constitution of a court, and by statute in Virginia." *French v. Clintwood*, 203 Va. 562, 569, 125 S.E.2d 798 (1962). There can be no question as to the existence of or successful legal challenge to the Court's inherent power to impose sanctions upon a finding of contempt. *Estate of Hackler v. Hackler*, 44 Va. App. 51, 64, 602 S.E.2d 426 (2004); *Robinson v. Commonwealth*, 41 Va. App. 137, 145, 583 S.E.2d 60 (2003) (quoting *Holt v. Commonwealth*, 205 Va. 332, 336-37, 136 S.E.2d 809 (1964), rev'd on other grounds, 381 U.S. 131, 85 S. Ct. 1375, 14 L. Ed. 2d 290 (1965)).

This Court found Mr. Jerro in contempt of court and imposed a $5,000 civil sanction. This was an exercise of the Court's discretionary contempt powers. The Court then suspended imposition to allow Mr. Jerro to purge himself of contempt, and Mr. Jerro did in fact timely purge himself.

As discussed above, this Court has the inherent and statutory power to impose and suspend the $5,000 sanction pursuant to its contempt powers. *French v. Clintwood*, 203 Va. at 569. Additionally, the Consent Decree provides that the $100 per day sanction "shall be in addition to any fines, punishments, or penalties imposed on them by the Circuit Court upon a finding of contempt of this Consent Decree." The $5,000 contempt sanction was exactly the type of additional "fines, punishments, or penalties" that is contemplated by such a provision.

Resolution of this issue does not entirely resolve the instant motion for reconsideration. In addition to the authority to impose sanctions pursuant to the Court's contempt powers, this Court is also charged with the responsibility of enforcing the terms of a Consent Decree, including the agreed to sanction of $100 per day for every day that Respondent failed to comply with the terms of that agreement after the Fairfax County Board of Zoning Appeals denied Mr. Jerro's special permit application. This Court cannot vary the terms of the agreement entered into by the parties.

Accordingly, this Court finds that Mr. Jerro came into compliance on October 8, 2005, after a period of 169 days of noncompliance from April 21, 2005, thirty days after the Board of Zoning Appeals denied Mr. Jerro's special permit application. The sanction pursuant to the Consent Decree will be imposed for 169 days of noncompliance at $100 per day, plus 6% interest from the date of entry of the decree, October 14, 2005.