# CIRCUIT COURT OF FAIRFAX COUNTY

Eileen M. McLane,
Fairfax County
Zoning Administrator

v.

Derek B. Vereen
and Angelique Vereen

June 18, 2008

Case No. (Law) 2006-9795

BY JUDGE R. TERRENCE NEY

This matter came before the Court on June 13, 2008, upon the Motion of Defendants Derek B. Vereen and Angelique Vereen to Oppose the Request for Sanctions made by Plaintiff Eileen M. McLane, the Fairfax County Zoning Administrator. After argument, the Court took the matter under advisement.

*Facts*

On April 4, 2006, the Zoning Administrator cited the Vereens for keeping inoperable vehicles, tires, construction trailers, boats, a mobile home, and other debris on their property in violation of Zoning Ordinance § 2-302(5). On June 4, 2007, this Court entered a Consent Decree, agreed to by the Zoning Administrator and the Vereens, which ordered the Vereens to bring their property into compliance within sixty days by removing all items comprising a "junk yard" from their property. The Consent Decree provided that the Vereens' failure to clear the violation would trigger sanctions in the amount of $100 per day for each day the Vereens remained in violation of the Zoning Ordinance. At the Vereens' request, the Zoning Administrator extended this sixty day period for an additional thirty days to allow the Vereens until September 2, 2007, to bring their property into compliance.

Upon the Zoning Administrator's Petition, the Court issued a Rule to Show Cause against the Vereens, which ordered them to show cause why they should not be held in contempt for violating the June 4, 2007, Consent Decree. In the Petition, the Zoning Administrator requested sanctions in the amount of $100 per day for each day the Vereens were found to be in violation of the Consent Decree *and/or* incarceration of the Vereens until they complied with the terms of the Consent Decree.

On February 15, 2008, the Zoning Administrator and the Vereens appeared before this Court on the Rule to Show Cause. Upon the Vereens' motion, the Court continued the Rule to March 14, 2008. Counsel for the Zoning Administrator signed the Order continuing the Rule to Show Cause without noting any objection to the continuance or to the Court's decision not to sanction the Vereens at that time.

The Consent Decree itself only provided for the $100 per day sanctions. At the time of the February hearing, the Zoning Administrator requested either the sanctions specified in the Consent Decree *or* for the Court to use its contempt powers to incarcerate the Vereens *or* both. The Zoning Administrator did not, however, argue that the Consent Decree required the Court to impose the sanctions embodied in the Consent Decree.

On March 14, 2008, the Zoning Administrator presented evidence that the Vereens were still in violation of the Consent Decree. At the Vereens' request, the matter was continued once again to April 4, 2008. Again, the Zoning Administrator did not object. On March 27, 2008, prior to the April hearing, the Vereens fully complied with the June 4, 2007, Consent Decree. They then filed this Motion to Oppose the Zoning Administrator's Request for Sanctions.

*Analysis*

At the hearing on June 13, 2008, the Zoning Administrator argued that the $100 per day sanction for each day the Vereens were not in compliance with the Consent Decree did not amount to a penalty because such sanctions are included in the Consent Decree to ensure compliance with it. Specifically, the Zoning Administrator argued that these sanctions are an incentive to landowners to comply with zoning ordinances and with consent decrees entered into in lieu of trial.

In support of its argument, the Zoning Administrator relies upon *Shoup v. Jerro*, 70 Va. Cir. 109 (Fairfax County, 2005) (Bellows, J.). In *Shoup*, the Zoning Administrator and Mr. Ronald Jerro entered into a Consent Decree which required Mr. Jerro to remove or relocate a storage

structure on his property within thirty days. The Consent Decree further provided that if Mr. Jerro violated any terms, he would pay $100 per day for each day he was found to be in violation. *Id*. at 109-10. The Court found Mr. Jerro in contempt for violating the terms of the Consent Decree and imposed a $5,000 fine, which it suspended for two weeks to allow Mr. Jerro time to bring his property into compliance. Counsel for the Zoning Administrator endorsed the Order, but noted its objection to the Court's refusal to impose the $100 per day sanction specified in the parties' Consent Decree. On October 14, 2005, the Court found that Mr. Jerro had brought his property into compliance and that he was no longer in contempt of Court. *Id*. at 110. Again, counsel for the Zoning Administrator objected to the Court's decision not to impose the $100 per day sanction. *Id*. at 111. After a motion for reconsideration, the Court held that it erred in refusing to impose the $100 per day sanction pursuant to the parties' Consent Decree. *Id*. at 112.

Here, unlike *Shoup*, the Zoning Administrator requested that this Court sanction the Vereens $100 per day for each day they did not comply with the Consent Decree *and/or* incarcerate the Vereens until they complied with the Consent Decree. Also, unlike *Shoup*, when this Court continued the Rule to Show Cause to allow the Vereens more time to comply with the Consent Decree, the Zoning Administrator did not note any objection to the continuance nor the failure to sanction the Vereens at that time.

The Vereens are now in compliance and have been in compliance with the Consent Decree for over two months, yet the Zoning Administrator is requesting sanctions in the amount of $20,600 for the 206 days which the Vereens did not comply with the Consent Decree. By seeking these sanctions now, after the Vereens are in compliance, the Zoning Administrator is no longer using them as an incentive to induce compliance, but rather as a penalty for the Vereens' delayed compliance.

Under the circumstances here, a case in which the Vereens are in compliance, albeit belatedly, and the Zoning Administrator never objected to the two continuances of the matter or to the Court's decision not to sanction the Vereens prior to their compliance, this Court finds that although some sanctions should be imposed, they should bear a reasonable relationship to the cost of the Vereens' noncompliance. Accordingly, this Court finds that the Vereens should be sanctioned in the amount of $3,500 for their delay in complying with the parties' Consent Decree.

## Conclusion

For these reasons, the Vereens' Motion to Oppose the Sanctions Requested by the Zoning Administrator is granted in part and denied in part.

## Order

This matter came before the Court on June 13, 2008, on the Motion of Defendants Derek B. Vereen and Angelique Vereen to Oppose the Zoning Administrator's Request for Sanctions. For the reasons stated in this Court's Opinion Letter dated June 18, 2008, which is attached hereto and made a part hereof, Defendants' Motion is Granted in part and Denied in part, and it is ordered that a sanction in the amount of $3,500.00 be imposed against Defendants Derek B. Vereen and Angelique Vereen for their delay in complying with the Consent Decree entered by the Court on June 4, 2007.